IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| QUECHAN TRIBE OF THE FORT YUMA INDIAN RESERVATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-888 L<br>Judge Susan G. Braden |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**DEFENDANT'S UNOPPOSED MOTION FOR LEAVE TO FILE REPORT REGARDING INADVERTENT DOCUMENT DESTRUCTION INCIDENT AND ORDER REGARDING FILING OF PROPOSED RECORD RETENTION ORDERS IN *NAVAJO NATION*, AND [PROPOSED] ORDER**

Defendant respectfully moves for leave to submit in this case a copy of the filing that it made in Jicarilla Apache Nation, f.k.a Jicarilla Apache Tribe v. United States, No. 02-25 L, and Pueblo of Laguna v. United States, No. 02-24 L (Fed. Cl.) (Allegra, J.), about the inadvertent document destruction incident involving a subcontractor to an agent of the United States Department of the Treasury. See Defendant's Exhibit (Def. Exh.) A hereto. This filing is responsive and relevant to several of the questions regarding the inadvertent document destruction incident that the Court posed to the counsel for the parties during the joint status conference on July 23, 2007.[1] Exhibit A establishes that Interior was not involved in the inadvertent document destruction incident.

Additionally, Defendant respectfully moves for leave to submit a copy of the scheduling order issued by the Court in Navajo Nation v. United States, No. 06- 45 L (Fed. Cl.) (Allegra, J.),

[1] As Defendant's counsel stated during the status conference, Defendant is prepared to provide the Court with additional information or briefing about the inadvertent document destruction incident and the need for a record retention order in this case, if the Court deems it appropriate and useful.

on July 20, 2007, regarding the filing of proposed record retention orders by the parties. See Defendant's Exhibit (Def. Exh.) B hereto. This order is responsive or relevant to several of the questions and comments made by the Court about the possible timing of the Court's issuance of a record retention order in the Quechan case.

Undersigned Defendant's counsel contacted Plaintiff's counsel, Frank Jozwiak, about Plaintiff's position on this motion for leave on July 26, 2007. Mr. Jozwiak authorized Defendant's counsel to state that Plaintiff does not oppose the motion.

Dated this 26th day of July, 2007.

Respectfully submitted,

*s/ James M. Upton*
JAMES M. UPTON
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0482
Fax: (202) 353-2021

Attorney for Defendant

OF COUNSEL:

THOMAS KEARNS
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

RACHEL M. HOWARD
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20217

Attachments

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| QUECHAN TRIBE OF THE FORT YUMA INDIAN RESERVATION, Plaintiff, v. UNITED STATES OF AMERICA, Defendant. | No. 06-888 L<br>Judge Susan G. Braden |

**[PROPOSED] ORDER**

This matter is before the Court on Defendant's unopposed motion for leave to submit in this case (1) a copy of the filing that it made in Jicarilla Apache Nation, f.k.a Jicarilla Apache Tribe v. United States, No. 02-25 L, and Pueblo of Laguna v. United States, No. 02-24 L (Fed. Cl.) (Allegra, J.), about the inadvertent document destruction incident involving a subcontractor to an agent of the United States Department of the Treasury, and (2) a copy of the scheduling order issued by the Court in Navajo Nation v. United States, No. 06-945 L (Fed. Cl.) (Allegra, J.), on July 20, 2007, regarding the filing of proposed record retention orders by the parties. Upon consideration of the unopposed motion and for good cause shown, it is hereby ORDERED that

1. Defendant's unopposed motion should be and hereby is GRANTED.

2. The filing made by Defendant in Jicarilla Apache Nation, f.k.a Jicarilla Apache Tribe v. United States, No. 02-25 L, and Pueblo of Laguna v. United States, No. 02-24 L (Fed. Cl.) (Allegra, J.), about the inadvertent document destruction incident involving a subcontractor to an agent of the United States Department of the Treasury, and the scheduling order issued by the Court in Navajo Nation v. United States, No. 06-945 L (Fed. Cl.) (Allegra, J.), on July 20, 2007, regarding the filing of proposed record retention orders by the parties, shall be deemed filed in this case on this

day.

SO ORDERED.

Date: ____________________________

____________________________________
HON. SUSAN G. BRADEN
Judge, United States Court of Federal Claims

**EXHIBIT A**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JICARILLA APACHE NATION,<br>f.k.a. JICARILLA APACHE TRIBE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | No. 02-25L<br>Judge Francis M. Allegra |

**DEFENDANT'S NOTICE OF FILING OF REPORT CONCERNING INADVERTENT DOCUMENT DESTRUCTION**

Pursuant to Section 4 of the Record Retention Order dated March 19, 2004, Defendant United States hereby submits a report from the Office of the Chief Counsel, Financial Management Service, United States Department of the Treasury (Treasury), which describes the recent, inadvertent destruction of 15 boxes of government records by a records storage contractor to a Treasury contractor. See Defendant's Exhibit ("Def. Exh.") 1. The 15 boxes of government records include documents relating to financial transactions of the United States Department of the Interior and the Bureau of Indian Affairs. Among other things, the report describes the efforts that have been undertaken by the Treasury contractor "to identify the information in the [15] boxes and to reconstruct the documents to the maximum extent possible" and the degree of success, to date, of those efforts. Id. at 1-2.

Respectfully submitted this 9th day of July, 2007,

RONALD J. TENPAS
Acting Assistant Attorney General

*s/Robert W. Rodrigues*
ROBERT W. RODRIGUES
United States Department of Justice

Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: 202.353.8839
Facsimile: 202.305.0506
Email: robert.rodrigues@usdoj.gov

Attorney of Record for Defendant

OF COUNSEL:

LAURA MAROLDY
E. KENNETH STEGEBY
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663

MARGARET MARQUETTE
Chief Counsel
RACHEL HOWARD
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20217

ELISABETH BRANDON
GLADYS ORR COJOCARI
TOM KEARNS
CANDACE N. BECK
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

# DEFENDANT'S

# EXHIBIT 1

DEPARTMENT OF THE TREASURY
FINANCIAL MANAGEMENT SERVICE
WASHINGTON, D.C. 20227

July 9, 2007

MEMORANDUM FOR ANTHONY P. HOANG
ROBERT RODRIGUES
ENVIRONMENT AND NATURAL RESOURCES DIVISION
UNITED STATES DEPARTMENT OF JUSTICE

FROM: RACHEL HOWARD *m marquette for*
OFFICE OF CHIEF COUNSEL

SUBJECT: Bank of America Incident

This memorandum is to inform the Department of Justice about an incident involving the erroneous destruction of documents by the contractor of one of its financial agents.

The Department of the Treasury ("Treasury") has a financial agency agreement with Bank of America ("the Bank") under which the Bank processes certain financial transactions involving the Treasury General Account, including deposits and debits for the Department of the Interior ("Interior") and the Bureau of Indian Affairs ("BIA"). One of the Bank's responsibilities as financial agent is to follow Treasury's document retention directives in this case. The Bank has a contractual arrangement with Iron Mountain, a records storage company, whereby the latter stores records associated with the Bank's financial agency agreement with Treasury.

In June 2007, the Bank advised Treasury that Iron Mountain had mistakenly destroyed 15 boxes of government records and 8 boxes of Bank records. According to the Bank, the destruction, which took place in April 2007, resulted from an inadvertent error in coding the proper retention status for the boxes. The Bank advised Treasury that, of the 15 boxes of government records, 14 boxes contained SF 215's (deposit tickets) and SF 5515's (debit vouchers), and one box contained adjustment backup documentation which may or may not have related to Interior transactions. Based on information provided by the Bank and consistent with Treasury Financial Manual requirements that financial agents return copies of transaction-related documents to the respective government agency, Treasury believes that all of the information in these 15 boxes may exist in other government records.

After its initial notice to Treasury, the Bank reported to Treasury that it had been working to identify the information in the boxes and to reconstruct the documents to the maximum extent possible. The Bank has informed Treasury that it has reconstructed the

inadvertently destroyed SF 215's and SF 5515's in the 14 boxes using information in Treasury's Ca$hLink II system, with the exception of information that may have been in the agency use field and with the exception of some SF 215's and SF 5515's from some date ranges which have not yet been reconstructed due to technical issues which Treasury expects to be resolved. According to the Bank, the documents in the one box containing adjustment backup information cannot be reconstructed but copies relating to any Interior transactions should have been returned to Interior. Treasury has asked Interior to check its files for copies of documents which reflect transactions initiated by BIA.

**ATTACHMENT B**

**EXHIBIT B**

# In The United States Court of Federal Claims

No. 06-945L

(Filed: July 20, 2007)

NAVAJO NATION
f.k.a. NAVAJO TRIBE OF INDIANS,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

**ORDER**

On July 20, 2007, oral argument was held in this case on plaintiff's motion for entry of a record retention order. Participating in the argument were Alan Robert Taradash for plaintiff and Robert William Rodrigues for defendant. Pursuant to discussions held therein:

1. The parties shall discuss the content of a record retention order to potentially be imposed in this case; and

2. On or before August 3, 2007, plaintiff shall file a proposed record retention order. By the same date, if necessary, defendant shall file a redline version of plaintiff's order, clearly indicating any disagreements that exist.

**IT IS SO ORDERED.**

s/ Francis M. Allegra
Francis M. Allegra
Judge