# In the United States Court of Federal Claims

No. 06-888L
Filed: ~~August~~ September ____, 2007

| | |
|---|---|
| QUECHAN TRIBE OF THE FORT YUMA INDIAN RESERVATION, | |
| Plaintiff, | |
| v. | |
| THE UNITED STATES, | |
| Defendant. | |

**ORDER**

Pursuant to RCFC 26(c), as well as the court's inherent power to regulate its proceedings and maintain the integrity of its functions, it is ordered:

1. Obligation to Preserve Relevant Documents. During the pendency of this litigation (including informal settlement discussions, ADR, and/or any appeals herein), the parties, their agencies, their employees and agents shall take reasonable steps to preserve those documents, data, or tangible things in their possession, custody, or control, containing information that is relevant to, or may reasonably lead to the discovery of information that is relevant to, the subject matter of the pending litigation~~.~~ ("Relevant Quechan Documents").

2. Compliance. Defendant, in consultation with Plaintiff, shall establish a mechanism concerning on-going compliance with this Order, such as periodic reminders of record retention obligations to be sent to ~~xxx~~ all federal document repositories and agencies that have Relevant Quechan Documents ~~(*i.e.*, xxxx)~~, and, on or before September ~~17~~30, 2007, shall confirm in writing, again in consultation with Plaintiff, the parties' understanding of that mechanism. Counsel shall immediately notify opposing counsel if, at any time, they become aware of a violation of Paragraph 1 of this Order (*i.e.*, the destruction or loss of documents, data, and/or tangible things).

3. Definitions. For purposes of this Order:

   (a) "Documents, data, and tangible things" is to be interpreted broadly to include, without limitation, writings; records; files; contracts; leases;

correspondence; reports; memoranda; calendars; diaries; minutes; electronic messages; voicemail; E mail; telephone message records or logs; computer and network activity logs; hard drives; backup data; removable computer storage media such as tapes, disks, and cards; printouts; document image files; Web pages; databases; spreadsheets; software; books; ledgers; journals; orders; invoices; bills; vouchers; checks; statements; worksheets; summaries; compilations; computations; charts; diagrams; graphic presentations; drawings; films; digital or chemical process photographs; video; phonographic tape or digital recordings, or transcripts thereof; drafts; jottings; and notes. The term also includes information that serves to identify, locate, or link documents, data, and tangible things, including, without limitation, file inventories; indices; and metadata.

(b) "Preserve" is to be interpreted broadly to include, without limitation taking reasonable steps to prevent the partial or full destruction, alteration, testing, deletion, shredding, incineration, wiping, migration, theft, or mutation of documents, data, and tangible things, and any negligent or intentional handling that would make material incomplete or inaccessible. The term also includes taking reasonable steps to prevent the relocation of documents, data, and tangible things if such relocation would result in the documents, data, or tangible things no longer being in the possession, custody, or control of the party from whom the documents, data, and tangible things are relocated.

4. Movement of Documents, Data, and Tangible Things.

(a) Defendant shall provide Plaintiff with written notice at least 30 days prior to the movement or transfer of any Relevant Quechan Documents from or to any federal office or records repository, including the American Indian Records Repository ("AIRR"). Prior to such movement, Defendant shall provide copies of these Documents to Plaintiff if such Documents are the subject of a discovery request from Plaintiff. Defendant shall provide Plaintiff with an index to such Documents prior to their movement or transfer.

(b) Defendant shall determine the location of all Relevant Quechan Documents in Department of the Interior facilities and all other federal facilities within 60 days of the date of this Order. Within 30 days following completion of Defendant's determination, Defendant will meet and confer with Plaintiff concerning its findings with respect to all collections of Relevant Quechan Documents that are located in federal facilities. Within such 30 day period Defendant shall also provide Plaintiff with any existing finding aids or indices of such collections, which shall be tailored as much as possible to identify documents that are relevant to the instant case in order for Plaintiff to make a determination as to whether or not Plaintiff wishes to review the records at those facilities.

Such review, if any, will be according to the rules and procedures of those facilities in which the records are located. During the meet and confer the parties will also discuss notice to Plaintiff of collections of Relevant Quechan Documents should any of those collections be considered for movement or transfer to AIRR or elsewhere.

(c) Defendant shall clarify that its existing finding aids or indices as related to National Archives offices and the AIRR are not discovery tools. Accordingly, this Order does not determine the discovery rights and obligations of the parties under applicable Court rules.

~~4.Movement of Documents, Data, and Tangible Things. On August 6, 2007, the Government represented to Plaintiff's counsel that Defendant does not anticipate any movement or transfer of xxxx documents from the Department of the Interior within the immediate future. Defendant Agrees to provide Plaintiff with written notice at least thirty (30) days prior to the movement or transfer of xxx documents from the xxxx Agency of the BIA to the American Indian Records Repository ("AIRR"). The Government has also represented that it is determining the location of xxxxx documents in other Department of the Interior facilities. Within thirty (30) days of completion of that investigation, Defendant will meet and confer with Plaintiff concerning its findings with respect to any collections of xxxx documents which are found in other Interior facilities and will provide Plaintiff any existing finding aids or indices of such collections in order for Plaintiff to make a determination as to whether or not it wishes to review the records at the facilities. Such review, if any, will be according to the rules and procedures of those facilities in which the records are located. During the meet and confer the parties will also discuss notice to Plaintiff of collections of xxxxx documents should any of those collections be considered for movement or transfer to AIRR.~~

5. Dispute Resolution. If a party desires clarification of any issue(s) related to the parties' obligations pursuant to, or compliance with, this Order, or believes that the opposing party has violated any term of this Order, the party shall notify the opposing party in writing and state the issue(s) requiring clarification or the grounds upon which the party has formed such belief. As soon as practicable after receiving such written notification, the parties shall meet and confer in an attempt to clarify the issue(s) in a mutually agreeable manner or resolve the dispute. If the parties cannot clarify the issue(s) in a mutually agreeable manner or do not resolve the dispute within a period of 20 days, either party may file a motion with the Court seeking a ruling regarding the parties' obligations under, and compliance with, this Order.

**IT IS SO ORDERED.**

s/Susan G. Braden
**SUSAN G. BRADEN**
**Judge**