IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| QUECHAN TRIBE OF THE FORT YUMA INDIAN RESERVATION, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 06-888 L<br>Judge Susan G. Braden |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**DEFENDANT'S NOTICE OF FILING**
**ITS PROPOSED DOCUMENT PRESERVATION ORDER**

In its Order of August 15, 2007, the Court directed the parties to file a "joint proposed document preservation order" by August 31, 2007. Defendant's counsel sent plaintiff's counsel the a proposed document preservation order; Plaintiff's counsel provided the undersigned with plaintiff's proposed document preservation order. The parties are unable to reach agreement on the terms of a joint proposed order because of unbridgeable differences concerning the provisions relating to: (1) definitions; (2) a compliance mechanism: (3) the movement of documents; and (4) and information on the location of documents.

The parties' respective counsel have agreed that each of them will submit his own proposed document preservation order. Accordingly, Defendant attaches hereto its proposed document preservation (or record retention) order.

In submitting the attached proposed document preservation order, pursuant to the Court's Order, Defendant is not waiving its position or any of its arguments that a document preservation order is unnecessary and unwarranted in this case. In particular, Defendant is not waiving its argument, among others, that there has been no showing that "absent a court order, there is

significant risk that relevant evidence will be lost or destroyed[.]" Pueblo of Laguna v. United States, 60 Fed. Cl. 133, 138 (Fed. Cl. 2004). Further, Defendant is not waiving its argument that there has been no showing that a record retention order, such as the one that this Court has determined to enter, will be effective and not unduly burdensome, as required under applicable case law. Id. Defendant—in particular, the United States Departments of the Interior and of the Treasury, the two federal agencies that are principally involved in the trust accounting and trust mismanagement issues and claims that have been asserted by Plaintiff in this case—has taken or is taking reasonable steps to preserve documents and data that are relevant to, or that may lead to the discovery of information that is relevant to, Plaintiff's issues and claims herein. These steps include, but are not limited to, the promulgation of agency-wide guidelines and directives for the preservation of certain documents and data; periodic written reminders to employees regarding their preservation duties; training of agency and tribal employees. and the opening, operation, and maintenance of the American Indian Records Repository (AIRR) in Lenexa, Kansas, to consolidate and house in one central repository the Interior Department's inactive Indian trust documents and data, including the fiduciary records that are relevant or potentially relevant to the issues and claims herein. Defendant is prepared to submit to the Court detailed briefing and other documentation, including declarations of knowledgeable agency officials, regarding the factual and legal bases for Defendant's opposition to a record retention order herein, if the Court deems such briefing to be appropriate and desirable.

Defendant discusses below the most significant differences between its proposed order and the Tribe's proposed order, and the reasons it takes issue with many of the provisions of Plaintiff's proposed order to the Court's proposed record retention order. This discussion is organized by the caption (or topic) of each of the provisions at issue:

1. Definitions

Plaintiff: Paragraph 2(a) and (b) of Plaintiff's proposed order are overly broad in scope, without reasonable basis in fact or law.

Defendant: The Court should not require the parties to preserve “voice mails,” “Web pages,” “jottings,” “notes,” and “metadata” (in other words, data about data), because these items impose a technically and unreasonably burdensome or ambiguous preservation requirement on the parties. Similarly, the Court should not require the parties to prevent “testing” and “migration” of “documents, data, and tangible things,” because the terms are ambiguous, and such restrictions would unduly interfere with daily operations of the agency in that they would arguably restrict movement of data within various agency systems. See Paragraphs 2(a) and 2(b) of Defendant’s proposed order.

2. Obligation to Preserve Certain Documents, Data, and Tangible Things

Plaintiff: Plaintiff's proposed language does not qualify this obligation by eliminating duplicate copies of documents. See Paragraph 1 of Plaintiff’s proposed order.

Defendant: Any record retention order entered by the Court herein should not obligate the parties to retain or preserve duplicate copies of the documents, data, and tangible things subject to the order. Such an obligation imposes financial, administrative, and other burdens on the parties, without a commensurate return of informational value. See Paragraph 1 of Defendant’s proposed order.

3. Mechanism for Ensuring Compliance with Order

Plaintiff: Paragraph No. 2 of Plaintiff's proposed order applies solely to Defendant and places the compliance duty only on the government. It also refers to "all federal document repositories and agencies that have Relevant Quechan Documents."

Under the law, Plaintiff has the same obligation as Defendant to preserve certain documents, data, and tangible things subject to the retention order, and, accordingly, Plaintiff has the same duty to establish a mechanism to comply and demonstrate compliance with the order.

Plaintiff's proposed requirement regarding the scope of the record retention order imposes an undue and unreasonable burden and hardship on Defendant, without demonstrating adequate need or an appropriate balancing of informational value.

Defendant: Any record retention order entered by the Court in this case should apply to both parties in the case, i.e., to Plaintiff and Defendant. Plaintiff shares the duty and obligation under the applicable law and rules to retain or preserve documents and data that are relevant to or that may lead to the discovery of information that is relevant to the issues, claims, and defenses in this case. Second, the inclusion of plaintiff's language of "all federal document repositories and agencies" would impose an extremely unreasonable and, indeed, impossible burden on the government. Finally, defendant's compliance provision, unlike plaintiff's, provides for specific follow-up actions and a report to the Court explaining the actions undertaken. See Paragraph 3 of Defendant's proposed order.

4. Movement or Transferrs of Certain Documents

Plaintiff: Paragraph No. 4(a) of Plaintiff's proposed order would apply movement of relevant documents "from or to any federal office or records repository, including the American Indian Records Repository ('AIRR'). This language is unreasonably broad and would impose an intolerable burden on the operations of affected agencies. If particular documents to be moved are already the subject of a discovery request by Plaintiff at the time Plaintiff receives notice of a move, the same paragraph of the Tribe's draft order would require the Defendant to "provide copies of these

Documents to plaintiff." If the court were to adopt this languge, it would impose upon the Government an unreasonable, grossly expensive and very disruptive burden. If Plaintiff were to receive 30 days' notice of a movement of particular documents, it would have ample opportunity (like most other Tribes) to inspect these documents before they were moved. This amount of notice should be sufficient for Plaintiff.

Plaintiff's proposed order would require Defendant to provide an 'index"to such documents. If Plaintiff intends this language to require Defendant to construct an index, as opposed to providing existing inventories or finding aids which cover the particular documents, then the court's inclusion of such language would pose an extremely unreasonable, and perhaps impossible burden on Defendant.

Defendant: Defendant's basic view is that any document preservation/document retention order entered by the Court herein should not include provisions relating to the movement, transfer, or location of certain documents, data, and tangible things, because such provisions belong appropriately in discovery-related orders or the joint preliminary status report required by Appendix A of the Rules of the Court of Federal Claims (RCFC), not in a record retention order. Nevertheless, to the extent that the Court deems it necessary to have such provisions in the record retention order that it has proposed to enter in this case, Defendant is proposing alternate language for the provisions. The Court should adopt Defendant's proposed language because it provides for a written notice to Plaintiff concerning the type of documents to be moved and the originating location of the documents.

5. Information about Location of Certain Documents

Plaintiff: Paragraph No. 4(b) of plaintiff's proposed order requires Defendant to "determine the location of all Relevant Quechan Documents in Department of the Interior facilities

and all other federal facilities within 60 days of the date of this Order. It would also require the government to provide "existing finding aids and indices" as to all collections of possible relevant documents uncovered by defendant which "shall be tailored as much as possible to identify documents that are relevant to the instant case." Again, if the Court were to adopt this language it would be imposing an unduly burdensome obligation on Defendant.

Defendant: In Defendant's view, the Court should not include any provisions regarding document locations in its record retention order, because there is no reason or purpose for such provisions in the order. Nevertheless, if the Court decides to include such a provision in its order, the Court should adopt Defendant’s proposed language. See Paragraph 5 of Defendant’s proposed order. Defendant’s proposed language offers the proper and appropriate balancing of relevant factors, from informational value and availability to document accessibility.

6. Existing Finding Aids and Indices relating to NARA Facilities and the AIRR

Plaintiff: Paragraph No. 4(c) of Plaintiff’s proposed order provides that existing finding aid and indices relating to National Archives offices and AIRR are not "discovery tools" and that the order does not "determine the discovery rights and obligations of the parties under applicable Court rules."

Defendant: Defendant agrees with Plaintiff that issues relating to the movement and location of records belong in discovery-related orders. Nevertheless, if the Court determines to include such provisions in its order, the Court should adopt Defendant’s proposed language. See Paragraph 5 of Defendant’s proposed order. Defendant’s proposed language offers the proper and appropriate balancing of relevant factors, from informational value and availability to document accessibility.

7. Dispute Resolution

Plaintiff: Paragraph No. 5 of Plaintiff's proposed order would give the parties only 20 days to resolve disputes arising with respect to the parties' obligations or their compliance with the court's Order, then either party could immediately file motion with the Court to have the Court resolve the dispute. In Defendant's view, this approach is too narrow and restrictive.

Defendant: The cited language in plaintiff's draft order does not provide a reasonable amount of time for resolution of disputes by the parties. Defendant's proposal does not set an arbitrary deadline for resolving a dispute but allows a party anxious to take the dispute to the Court to do so within 20 days of initiating the dispute resolution procedure. See Paragraph 6 of Defendant's proposed order.

8. Further Instructions, Clarifications, or Modification of Court's Order

Plaintiff: Plaintiff's draft order does not contain such a provision.

Defendant: Any record retention order entered by the Court herein should include a provision explicitly providing for the parties to petition, either singly and jointly, the Court, at any time, for further instructions, clarification, or modification of the order regarding, among other things, their obligations to preserve specific categories of the documents, data, and tangible things that are subject to the order. Such a provision creates a clear basis for one party or both parties to apply for further guidance from the Court or to seek modification of the order, because of a change in circumstances or other such situations. As a matter of judicial efficiency and economy, the parties should be encouraged to confer among themselves and submit a joint proposal, to the extent possible.

Respectfully submitted this 31st day of August, 2007,

RONALD J. TENPAS
Assistant Attorney General

*s/ James M. Upton*
JAMES M. UPTON
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Division
P.O. Box 663
Washington, D.C. 20044-0663
james.upton@usdoj.gov
Tel: (202) 305-0482
Fax: (202) 353-2021

Attorneys of Record for Defendant

OF COUNSEL:

THOMAS BARTMAN
Office of the Solicitor
United States Department of the Interior
1849 C Street, NW
Washington, DC 20240

TERESA DAWSON
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227

Attachment