U.S. Departmen f Justice

Environment and Natural Resources Division

90-2-20-12115

*Postal Address*
*Natural Resources Section*
*P.O. Box 663*
*Washington, DC 20044-0663*

*Telephone (202) 305-0482*
*Facsimile (202) 305-0506*

*Courier Address*
*Room 3116*
*601 D Street, NW*
*Washington, DC 20004*

***BY OVERNIGHT MAIL AND E-MAIL***

August 2, 2007

RECEIVED
MORISSET, SCHLOSSER, JOZWIAK & MCGAW
AUG 0 3 2007
MAIL EXPRESS HAND
FAX E-MAIL INTERNET

Frank R. Jozwiak
MORISSET, SCHLOSSER, JOZWIAK, MCGAW
1115 Norton Building
801 Second Avenue
Seattle, Washington 98104-1509

Re: Quechan Indian Tribe of the Ft. Yuma Reservation v. United States, Fed. Cl., No. 06-888 L. Government's Initial Response to Tribe's Informal Document and Data Requests, Dated May 2 and May 28, 2007.

Dear Mr. Jozwiak:

Pursuant to the July 27, 2007 Joint Status Report, we provide below the Government's initial responses to the Tribe's May 2, and 18, 2007 informal document and data requests. We are enclosing, in electronic form, documents responsive to certain requests. We are also sending you a proposed confidentiality agreement and protective order.

Introduction

As discussed on July 13th, there are several general issues raised by the Tribe's discovery requests. Your request states that January 9, 1884 is to be the starting date for all responses, unless specified otherwise. This signifies that the great majority of the discovery requests involve claims that accrued prior to August 13, 1946 – the jurisdictional cutoff point under the Indian Claims Commission Act (Pub. L. No. 926, ch. 959, Act of August 13, 1946, 60 Stat. 1049).

Notwithstanding the Federal Circuit's Shoshone decision (Shoshone Indian Tribe of the Wind River Reservation v. United States, 364 F.3d 1339 (Fed. Cir. 2004)), the government takes the position that discovery should not go back before August 13, 1946. The ICCA was the exclusive remedy for claims accruing prior to August 13, 1946. Moreover, the Tribe, in fact, filed suit under the ICCA and received a final judgment pursuant to a stipulated settlement. Accordingly, we believe that the parties should concentrate on the post-August 13, 1946 period at this time.

A second general issue is that of cost-sharing. The production of documents/data in response to some of plaintiff's requests is very burdensome and expensive. We ask that you give this matter serious consideration. We believe that the parties can negotiate a reasonable cost-sharing arrangement to facilitate the production you request.

Based on our July 13th conference call, it is my understanding that you agree that the government has no responsibility to produce BIA Agency records now in the possession of the Quechan Tribe by virtue of its "638" Contracts. I also understand that you are agreeable to electronic copies of documents and data and do not insist on hard copies as well.

Tribe's Request #1:

Request all Accounting Reports prepared by the Department of the Interior for the Tribe. Please provide the report data, to the extent that the data is available, in both electronic form (either the actual transaction data as recorded by the BIA, or imaged report documents that have been OCR scanned on CDs), and in hard copy format for the following reports:

a. All Indian Monies - Proceeds of Labor (IMPL) account ledgers that included any of the Tribe's trust funds, either principal or interest, that were prepared by the Department of the Interior, Bureau of Indian Affairs.

b. All Proceeds of Labor Tribal (PLT) account ledgers, both principal and interest, that included the trust funds of the tribe that were prepared by the Department of the Interior, Bureau of Indian Affairs

c. All funds of the Tribe that were accounted for in the Individual Indian Monies (IIM) group of accounts. These would include, but shall not be limited to, the following groups of accounts:

I. Tribal IIM accounts (recorded by the BIA into the group of accounts under General Ledger account number 206.13).

ii. Tribal accounts set up in the Individual Indian Monies (IIM) accounts in General Ledger account number 206.11, and,

iii. Tribal related monies that were recorded in Special Deposit accounts set up in the IIM group of accounts under General Ledger account number 206.70 For these accounts, please furnish a list of the Special Deposit account names and allotment numbers, and we will review the list and notify Defendant for which accounts that we want to have account statements.

Government's Response:

The documents responsive or potentially responsive to this request are likely available at the

American Indian Records Repository ("AIRR"), which is located in Lenexa, KS. The AIRR is a state-of-the-art archival quality document storage facility that is part of a federal records center ("FRC") owned and operated by the National Archives and Records Administration's ("NARA") Federal Records Center ("FRC"). The AIRR is under the control of the Office of Trust Records ("OTR") of the United States Department of the Interior ("Interior").

Pursuant to its policies governing the storage of inactive Indian records, Interior relocated and centralized the storage of inactive records of the Bureau of Indian Affairs ("BIA") and the Office of Special Trustee ("OST"), from various FRCs and Interior facilities to the AIRR. Under the policies, as BIA, OST, and other Interior Department offices retire Indian trust records, they ship those trust records to the AIRR for permanent storage.[1/]

OTR has been, and continues to be, creating an index ("BISS," which stands for "Box Indexing Search System"), to the file level, of the contents of the boxes of inactive records at the AIRR. Using the BISS, a researcher can perform standard searches, e.g., Boolean, proximity, wildcard, truncation, date and date range, and so on. The BISS enables a researcher to seek specific documents or types of documents from the collection of boxes (more than 150,000) currently stored at the AIRR.

Interior has conducted a BISS search to identify boxes that may contain documents responsive to the Tribe's request. The results of its search are set forth in a PDF-formatted list that contains summary information regarding the search and detailed information, including the following fields:

FRC Number is the number assigned to a box, and it is typically displayed as 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-4444-5555, where 111 is the Record Group Number; 22 is the year in which the box was accessioned (i.e., shipped to the AIRR or an FRC); 3333 is the sequential accession number; 4444 is the sequential box number; and 5555 is the total number of boxes in the accession;

OST Box Number is the number that OTR has assigned to individual boxes in a collection that Interior had held at OTR before transferring the boxes to the AIRR. This field may contain the FRC number, if no OST number has been assigned to the box;

Agency Code is the code for the BIA agency or office associated with the records in the box;

Box Source is the Interior office from which a particular box originated;

Box Title is the title contained on the box. Not all boxes contain a title;

File Title is the title contained on file folders in the box. Not all boxes have folders, and not

---

1/ While certain inactive trust records continue to reside at certain BIA offices, those inactive trust records that have been transferred from the BIA are now at the AIRR.

all folders have titles;

Document Type is the type of documents contained in boxes or folders. Interior divides the types of documents contained in boxes into 39 document categories. We are enclosing a list of the document types from Interior.

Document Title is the title of the document. Not all documents have titles; and

Minimum Date and Maximum Date are the two fields that represent the date range for the document types contained in each folder in a box.

The PDF BISS document inventories may contain information protected by the Privacy Act, such as the names and account numbers of individual Indians, and other applicable statutes and regulations. Therefore, they cannot be produced to the Tribe until after the parties have negotiated, executed, and filed a joint stipulation to protect the confidentiality of the documents and data that the Government will provide to the Tribe, and the Court of Federal Claims has approved and entered the joint stipulation of confidentiality as a protective order.

If the Tribe and the Government deem it appropriate and necessary, Interior will arrange for and provide the Tribe with access to the BISS at the AIRR or at OST offices in Albuquerque, NM, so that the Tribe can conduct its own BISS searches for responsive or potentially responsive records. Before OTR will grant access to the BISS, however, the parties will have to a have protective order in place (see above); those of the Tribe's representatives seeking access to the BISS or the search results will have to execute confidentiality affidavits; and OTR will provide training on using the BISS.

Interior will make available to the Tribe for inspection those boxes at the AIRR that the Tribe would like to review. In order to do so, we will need sufficient notice in advance of the requested inspection, so that OTR can locate and make available the requested boxes and so that the Solicitor's Office for the Interior Department can conduct the appropriate pre-inspection privilege review of the boxes.

We will work with Interior to determine what, if any, of the information responsive to Tribal Request #1 can be provided electronically to the Tribe as transaction data.

Tribe's Request #2:

Provide all Annual Statements of Receipts, Expenditures and Fund Balances report[s] that were prepared by the Department of the Treasury that relate to or contain information regarding the Tribe or funds of the Tribe.

Government's Response:

We are providing to the Tribe electronic copies of data which are responsive to this request.

The enclosed CD's are labeled "FMS03T_001".

Tribe's Request #3:

All Audit Reports prepared by the General Accounting Office whose scope of the audit includes the trust funds (i.e., in either the Tribal treasury, IMPL, or Individual Indian Monies funds) of the tribe.

Government's Response:

We have enclosed herewith a list of reports of the General Accountability Office ("GAO") that may be responsive. GAO reports from approximately 1975 to the present are available to the public through the website www.gao.gov. On that site, there is a box in the upper right hand corner of the screen that states "key work or report number," to put in search terms, such as Tribe name. To the extent you are unable to retrieve a report from the website that is included in the enclosed list, we will provide the report upon your request.

Tribe's Request #4:

All Audit Reports prepared by the Department of the Interior's Office of the Inspector General whose scope of the audit included the trust funds of the Tribe.

Government's Response:

At our request, the Interior Department is compiling an index for these audit reports equivalent to the index done for the GAO audit reports of those documents. We will provide that index to you when we receive it from the OIG. Based on your review of the list, you can identify the reports which may be responsive and we will produce these reports.

Tribe's Request #5:

All Audit Reports prepared by independent auditors of the Tribal trust funds on behalf of the Department of the Interior, BIA or OST.

Government's Response:

Enclosed is a list of these audit reports. Based upon your review of the list, you can identify the reports which may be responsive and we will produce these reports.

It is possible that other documents responsive or potentially responsive to this request may be available at the AIRR, at NARA facilities, or in the Arthur Andersen collection of work papers relating to the Tribal trust fund account reconciliation project, located at an Iron Mountain storage facility in Phoenix, AZ.

As to the AIRR, Interior has conducted a search of the BISS to identify boxes at the facility that contain responsive or potentially responsive audits. Since the BISS contains confidential information, we cannot furnish this search to you until a confidentiality agreement has been filed and a protective order issued. Once the protective order has been issued, we will provide the results of this BISS search to the Tribe, in a PDF-formatted list, when it is ready, and, upon request and with sufficient advance notice, we can arrange to make the boxes that the Tribe identifies from the BISS search results available for the Tribe's inspection after a pre-inspection privilege review of the boxes by the Solicitor's Office. If it so chooses, the Tribe can also conduct its own additional BISS searches at the AIRR or at OST in Albuquerque, NM. See Government's Response to Tribe's Request #1 above.

As to responsive or potentially responsive documents located at the National Archives, we refer you to our response to the Tribe's Request #28 below.

As to responsive or potentially responsive documents located in the Arthur Andersen collection, we refer you to our response to the Tribe's Request #18 below.

Tribe's Request #6:

Request all investment reports, including the *MoneyMax Reports* and the predecessor investment reports, prepared by the Branch of Investments, Central Office, the Area Office or the Agency Office serving the Tribe from January 9, 1884 to the present.

Government's Response:

OHTA has recently completed imaging and coding the MoneyMax and predecessor investment reports located at the AIRR. OHTA is currently conducting a quality control and quality assurance test of the document images and metadata. When OHTA has finished its work, it will provide the document images and metadata to the Solicitor's Office, which will furnish them to us for transmission to the Tribe. The MoneyMax and predecessor investment reports from the AIRR may include confidential information of other Tribes. Therefore, we cannot produce them until after the court has entered the parties' joint confidentiality stipulation as a protective order.

Tribe's Request #7:

Request the Common Dataset from OHTA for the Tribal trust accounts for the period from FY-1972 through December 31, 2006.

Government's Response:

The Government cannot provide the Tribe with this Common Dataset, because the Dataset for the Tribe does not exist. OHTA has not created a Common Dataset for this Tribe yet, but it is willing to do so. Such an exercise is costly, time-consuming, and labor-intensive. Therefore, before OHTA undertakes such an effort, the parties need to confer and decide about their needs and whether

and how the Common Dataset would serve those needs.

As the Tribe may know, Interior has used, over the years, various systems for recording Tribal trust fund account transactions. For the period 1973 to present, the sources of the transactional information are (1) the 20-Year Tribal Reconciliation Project ("TRP") results (commonly known as the "Arthur Andersen project"); (2) Trust Funds Management System ("the Finance system"); (3) OmniTrust ES; and (4) Trust Funds Accounting System ("TFAS"). The transaction data captured in each of these sources varies.

OHTA collects the different transactional data about a Tribe's trust fund accounts from the various sources or historical systems, to create a single, uniform collection of information or Common Dataset about the Tribe's accounts. This Common Dataset includes such Tribal trust fund accounts as the Proceeds of Labor accounts, the Judgment Award accounts, and the accounts managed on behalf of Tribes in the Individual Indian Money ("IIM") trust fund. The objective in assembling a Common Dataset is to map or link different data fields from the four historical data sources to one data collection with uniform data field descriptions.

Tribe's Request #8:

Request the Manual Control Cards, also known as the General Ledger Control Cards) for the Tribal treasury accounts maintained by the Bureau of Indian Affairs (using DOI Form 5-603 through 1950, and from 1950 to 1987, the BIA used Form 1014-A), and for the periods prior to 1960, the Department of Treasury (using Treasury Forms 2023A/7024/7026, as of July 1947, used through 1973, for the Proceeds of Labor, Appropriation and Expenditure accounts for the Tribe).

Government's Response:

The documents responsive or potentially responsive to this request are likely located at the AIRR. Interior has conducted a search of the BISS to identify the likely boxes and prepared a PDF - formatted list of the search results, using the following data fields: FRC box number; OST box number; agency code; box source; box title; folder title; and document type. (In addition to Interior's BISS search, the Tribe can conduct its own additional BISS searches.) See Government's Response to Tribe's Request #1 above. The BISS system and the BISS search results set forth in the PDF-formatted list contain or may contain confidential information of other Tribes or information protected by the Privacy Act, such as names of individual Indians and account numbers. Therefore, we cannot produce them until after the court has entered the parties' joint confidentiality stipulation as a protective order.

Once the court has issued the requisite protective order, we will produce the BISS search results to the Tribe, and after the Tribe has identified the boxes at the AIRR that it would like to inspect at the AIRR, the Government will make the boxes available for inspection. We will need sufficient notice in advance of any inspection by the Tribe so as to enable OTR to pull the boxes from storage at the AIRR and to enable the Solicitor's Office to conduct a pre-inspection privilege review of the boxes.

As to responsive or potentially responsive documents held by Treasury, we need additional information from you and the Tribe relating to GAO forms used by Treasury and DOI (Forms 2023A/7024/7026). Treasury needs you to provide us exemplars of the GAO forms, in hopes of enabling or facilitating Treasury's searches.

Tribe's Request #9:

Request all Accounts Current (i.e. - Standard Form 1019) forms prepared for the Tribe's Tribal treasury (POL and IMPL) and individual Indian Tribal IIM accounts by the Agency Superintendent for all periods related to the above stated period through approximately 1960, when the BIA was required to convert to preparing the Standard Form 224 report for Treasury in lieu of the SF 1019 form.

Government's Response:

The documents responsive or potentially responsive to this request are likely located at the AIRR. Interior has conducted a search of the BISS to identify the likely boxes and prepared a PDF-formatted list of the search results, using the following data fields: FRC box number; OST box number; agency code; box source; box title; folder title; and document type. (In addition to Interior's BISS search, the Tribe can conduct its own additional BISS searches.) See Government's Response to Tribe's Request #1 above. The BISS system and the BISS search results set forth in the PDF-formatted list contain or may contain confidential information of other Tribes or information protected by the Privacy Act, such as names of individual Indians and account numbers. Therefore, we cannot produce them until after the court has entered the parties' joint confidentiality stipulation as a protective order. In addition, there may also be responsive documents located at the Federal Records Center in Suitland, Maryland and National Archives 2 in College Park, Maryland.

Once the court has issued the requisite protective order, we will produce the BISS search results to the Tribe, and once the Tribe has identified the boxes at the AIRR that it would like to inspect at the AIRR, the Government will make the boxes available for inspection. We will need sufficient notice in advance of any inspection by the Tribe so as to enable OTR to pull the boxes from storage at the AIRR and to enable the Solicitor's Office to conduct a pre-inspection privilege review of the boxes.

Tribe's Request #10:

Request a copy of the Summary and Detail of Trust Fund Reports furnished to the Tribe for all Tribal trust funds held by the BIA from April 1972 through March 31, 1995.

Government's Response:

The documents responsive or potentially responsive to this request are likely located at the AIRR. Interior has conducted a search of the BISS to identify the likely boxes and prepared a listing

of the search results, using the following data fields: FRC box number; OST box number; agency code; box source; box title; folder title; and document type. (In addition to Interior's BISS search, the Tribe can conduct its own additional BISS searches.) See Government's Response to Tribe's Request #1 above. The BISS system and the BISS search results set forth in the Excel spreadsheet contain or may contain confidential information of other Tribes or information protected by the Privacy Act, such as names of individual Indians and account numbers. Therefore, we cannot produce them until after the court has entered the parties' joint confidentiality stipulation as a protective order.

Once the court has issued the requisite protective order, we have produced the BISS search results to the Tribe, and once the Tribe has identified the boxes at the AIRR that it would like to inspect at the AIRR, the Government will make the boxes available for inspection. Again, we stress that we will need sufficient notice in advance of any inspection by the Tribe so as to enable OTR to pull the boxes from storage at the AIRR and to enable the Solicitor's Office to conduct a pre-inspection privilege review of the boxes.

Tribe's Request #11

Request a copy of the General Ledger Detail List Report prepared monthly by the BIA for any of the months available from January 9, 1884 to the present.

Government's Response:

The documents responsive or potentially responsive to this request are likely located at the AIRR. Interior has conducted a search of the BISS to identify the likely boxes and prepared a listing of the search results, using the following data fields: FRC box number; OST box number; agency code; box source; box title; folder title; and document type. (In addition to Interior's BISS search, the Tribe can conduct its own additional BISS searches.) See Government's Response to Tribe's Request #1 above. The BISS system and the BISS search results set forth in the listing contain or may contain confidential information of other Tribes or information protected by the Privacy Act, and/or other statutes, such as names of individual Indians and account numbers. Therefore, we cannot produce them until after the court has entered the parties' joint confidentiality stipulation as a protective order.

Once the court has issued the requisite protective order, we will produce the BISS search results to the Tribe, and once the Tribe has identified the boxes at the AIRR that it would like to inspect at the AIRR, the Government will make the boxes available for inspection. Again, we stress that we will need sufficient notice in advance of any inspection by the Tribe so as to enable OTR to pull the boxes from storage at the AIRR and to enable the Solicitor's Office to conduct a pre-inspection privilege review of the boxes.

Also, as we understand it, Interior has identified 89 boxes that contain General Ledger Detail Lists ("GLDL"). The inventories for these boxes do not identify, however, the Tribes associated with the GLDLs contained in the boxes. While we are willing to make these boxes available for the Tribe's inspection, we propose that the parties confer about the necessity of obtaining the GLDL

documents before the Tribe decides to proceed with an inspection, because, as we understand it, the data included in the GLDLs may be found in other sources.

Tribe's Request #12:

Request the monthly SunGuard OmniTrust Reports sent to the Tribe for the Tribe's trust accounts for the period April 1, 1995 through February 28, 1999.

Government's Response:

The documents responsive or potentially responsive to this request are likely located at the AIRR. Interior has conducted a search of the BISS to identify the likely boxes and prepared a listing of the search results, using the following data fields: FRC box number; OST box number; agency code; box source; box title; folder title; and document type. (In addition to Interior's BISS search, the Tribe can conduct its own additional BISS searches.) See Government's Response to Tribe's Request #1 above. The BISS system and the BISS search results set forth in the listing contain or may contain confidential information of other Tribes or information protected by the Privacy Act, and/or other statutes, such as names of individual Indians and account numbers. Therefore, we cannot produce them until after the Courts have entered the parties' joint confidentiality stipulations as protective orders.

Once the court has issued the requisite protective order, we have produced the BISS search results to the Tribe, and once the Tribe has identified the boxes at the AIRR that it would like to inspect at the AIRR, the Government will make the boxes available for inspection. Again, we emphasize that we will need sufficient notice in advance of any inspection by the Tribe so as to enable OTR to pull the boxes from storage at the AIRR and to enable the Solicitor's Office to conduct a pre-inspection privilege review of the boxes.

Tribe's Request #13:

Request a copy of the monthly SEI-TFAS reports furnished to the Tribe for the Tribe's trust accounts for the period March 1, 1999 to the present.

Government's Response:

As to documents from the 1999-2004 period that are responsive to this request, those documents are likely located at the AIRR.

Interior has conducted a search of the BISS to identify the likely boxes and prepared a listing of the search results, using the following data fields: FRC box number; OST box number; agency code; box source; box title; folder title; and document type. (In addition to Interior's BISS search, the Tribe can conduct its own additional BISS searches.) See Government's Response to Tribe's Request #1 above.

The BISS system and the BISS search results set forth in the Excel spreadsheet contain or may contain confidential information of other Tribes or information protected by the Privacy Act, and/or other statutes, such as names of individual Indians and account numbers. Therefore, we cannot produce them until after the court has entered the parties' joint confidentiality stipulations as a protective order.

Once the court has issued the requisite protective order, we will produce the BISS search results to the Tribe, and once the Tribe has identified the boxes at the AIRR that it would like to inspect at the AIRR, the Government will make the boxes available for inspection. Once again, we note that we will need sufficient notice in advance of any inspection by the Tribe so as to enable OTR to pull the boxes from storage at the AIRR and the Solicitor's Office to conduct a pre-inspection privilege review of the boxes.

As to documents from 2004 to present that are responsive to this request, those documents are located at OST. We propose that the Tribe determine whether it already has any of these reports, and if so, narrow the request to those reports it does not have before OST makes the effort to provide the Tribe with copies of all documents from 2004 to present.

Tribe's Request #14:

Request a copy of the BIA's procedures manual entitled, 42 Indian Affairs Manual (IAM) (note: This was later changed in the late 1960s to the BIAM or Bureau of Indian Affairs Manual), Supplements No. 2 and No. 3" together with any updates that went into effect during the period stated above.

Government's Response:

Interior has imaged certain volumes of 42 BIAM. We are providing those images of those volumes on the enclosed CDs labeled "DOI03T_001" and "DOI03T_002".

In addition, Interior has identified 35 boxes at the AIRR that contain a complete set of the BIAM (including those documents that we are providing to the Tribe in this initial response, in image form). We enclose a copy of the SF-135s for this collection. If necessary, we can arrange to make this collection available to the Tribe for its inspection.

Tribe's Request #15:

Request a copy of the Treasury Fiscal Requirements Manual (note: this was later changed in the late 1980s to the Treasury Financial Manual) and any updates or supplements.

Government's Response:

Treasury has imaged and coded potentially responsive volumes of the *Treasury Fiscal Requirements Manual* and *Treasury Financial Manual*. We are providing the images and associated

data on the enclosed CD labeled "HYA03T_001".

Tribe's Request #16:

Request a copy of the Government Accounting Manual issued by GAO in 1957, all Titles, and all updates for the period from 1957 through the present.

Government's Response:

The Solicitor's Office has identified a three-volume, pre-1980 version of the GAO document entitled the *Government Accounting Manual* and loose-leaf versions of Titles 1-8 of the *Manual* from the 1980s in the DOI library. Although the *Government Accounting Manual* is publicly available and, as a result, Interior has no obligation to produce it to the Community, Interior has imaged and coded the documents, as a good-faith, cooperative matter consistent with settlement discussions. We are providing the images and associated data on the enclosed CD labeled "T340_020_V001".

In addition, the GAO has identified approximately nine linear feet of records that constitute the Government Accounting Manual from 1957 forward. The following is a link to an index of these volumes: http://www.gao.gov/special.pubs/ppm.html. GAO has indicated that it will make these documents available to the Community for its inspection. We are willing to work with you to determine whether the parties should undertake a cooperative effort to identify the relevant portions of this collection and to have those portions imaged and coded.

Tribe's Request #17:

Request a copy of the Department Accounting Manual for the Department of the Interior that was effective at any time period from January 9, 1884, to the present.

Government's Response:

Interior it is unclear about the precise document to which this request relates, as there is no such document as a "Department Accounting Manual."

In the absence of information from the Tribe about what it means by "Department Accounting Manual," Interior has imaged for production the Accounting Standards Manual used by OHTA. This document contains confidential information, and, therefore, it cannot be produced until after the court has entered the parties' joint confidentiality stipulation as a protective order. In the interim, if the Tribe desires a copy of the Manual in redacted form, we will request Interior to provide a redacted version.

In addition, Interior has identified responsive or potentially responsive documents in a collection of records formerly held by the Indian Trust Accounting Division ("ITAD") of the General Services Administration. ITAD shut down its operations in September, 2006. Before and as part of its shutdown, ITAD transferred a significant volume of its document collection to OTR. Most of the

boxes in the former ITAD document collection are at the AIRR. A number of the boxes are at the Suitland, Maryland FRC, Interior Department library and DOJ. The Solicitor's Office has inspected the collection and determined that six boxes contained potentially responsive documents. Interior has imaged and coded the potentially responsive documents for production to the tribe. We are providing the images and data on the enclosed CD labeled "T340_020_V002".

Tribe's Request #18:

Request the inventory of the work papers of Arthur Andersen LLP prepared during the Reconciliation Project from which we can select specific documents that we want to have made available to us.

Government's Response:

At this time, we have not been able to identify the inventory of Andersen work papers prepared during the Tribal trust fund account reconciliation project (assuming that such an inventory was prepared and that it still exists). We have located, however, high-level inventories prepared and provided to the Government by Andersen of the collection of work papers that relate to the reconciliation project and that is in the Iron Mountain storage facility in Phoenix, AZ. Further, we have a document inventory that has been prepared by OHTA and one of its contractors, Deloitte & Touche, LLP, based on their reviews, searches, and selected imaging of the collection of Andersen work papers. We will provide these inventories to the Tribe, after the court has entered the parties' joint confidentiality stipulation as a protective order. Based on its review of the document inventories, the Tribe can designate the documents that it would like to inspect, and the Government can provide the images of those designated documents to the Tribe, after Interior has coded and reviewed the images for applicable privileges, or we can make arrangements for the Tribe to inspect the boxes.

Tribe's Request #19:

Request the report, entitled, "Review of Indian Trust Fund Management for Bureau of Indian Affairs," also known as the Price Waterhouse Report, issued in a series of Task Reports during 1983-1984.

Government's Response:

We are enclosing a CD labeled "T340_020_V001."

Tribe's Request #20:

Request the Coopers and Lybrand's final report that was an attachment to a letter from Mr. David W. Bardwell of Coopers & Lybrand to Mr. Carl Hotubee of the Bureau of Indian Affairs dated November 30, 1995 related to their work attempting to certify the work performed by Arthur Andersen LLP during the course of the Reconciliation Project.

Government's Response:

We are producing an imaged copy of the referenced letter on the enclosed CD entitled "JC03T_001". It is Interior's understanding that this letter constitutes the report provided by Coopers and Lybrand. According to Interior, there is no separate Coopers & Lybrand report.

Tribe's Request #21:

Request each of the appropriately 157 Issue Papers prepared by Arthur Andersen LLP and approved by the Bureau of Indian Affairs during the course of the Reconciliation Project.

Government's Response:

We are providing herewith electronic images of the issue papers on one CD entitled AAMODS. The issue papers contain limited confidential information that has been redacted for this production. If necessary, we can provide the Tribe with an unredacted version, after the court has entered the parties' joint confidentiality stipulation as a protective order.

Tribe's Request #22:

Request the original contract with Arthur Andersen LLP, and the subsequent modifications to that contract issued during the course of the Reconciliation Project and any followup work performed by Arthur Andersen LLP under the same contract after the Reconciliation Report had been issued to the Tribe.

Government's Response:

We are enclosing the electronic images of the contract and contract modifications associated with the Tribal trust fund account reconciliation project, on the CD entitled AAMODS. We are not awaiting the entry of a protective order, because Arthur Andersen has waived any confidentiality protections as to these documents.

Tribe's Request #23:

Request a copy of any additional Reports prepared for the tribe's trust accounts by Chavarria, Dunne & Lamey LLP after the Tribes had received the Agreed-Upon Procedures Report issued by Arthur Andersen LLP in 1996.

Government's Response:

After Interior distributed the results of the Tribal trust fund account reconciliation project (carried out by Andersen) to the Tribes in 1996, the agency contracted with the firm Chavarria, Dunne & Lamey, LLC, to perform certain agreed-upon procedures designed to reconcile disbursement

transactions that had not been unreconciled or fully reconciled during the reconciliation project. Interior did not have these additional disbursement reconciliation procedures done for all Tribes. The Tribe is one of the tribes for which Interior had additional procedures performed. The TRP materials produced to the Tribe on November 29, 2006 included the follow-on report.

Tribe's Request #24:

Request all court documents generated *Cheyenne-Arapaho Tribe et al. v. United States*, Docket No. 342-70 (Indian Claims Commission) including all plaintiffs' and defendant's exhibits.

Government's Response:

We are enclosing three CDs labeled "RSU03T_001," "RSU03T_002," and "RSU03T_003 ", that contain electronic images of documents from *Cheyenne-Arapaho Tribe* litigation, Docket No. 342-70.[2] The document images on these CDs constitute our entire electronic collection of the *Cheyenne-Arapaho* record. We believe that there remains about 27 boxes of records relating to the *Cheyenne-Arapaho* litigation at the Suitland FRC and at the Court of Federal Claims, which we have not imaged. At this point, we do not have any plans or need to image these remaining records. The records are public and, therefore, as accessible to the Tribe as to the Government. Nonetheless, we suggest that, if appropriate, the parties confer about and determine the need to obtain the records and that, if possible, they cooperate and share in the acquisition of the records.

Tribe's Request #25:

Request an inventory of all Accession (i.e. - SF-135) forms tracking the movement of all boxes containing trust accounting, lease and production records related to the Tribe's tribal treasury, Tribal IIM or Tribal related IMPL funds that were moved from the Quechan Agency or Phoenix Area Office, to or from any Federal Records Center, which were subsequently moved to or from the Office of Special Trustee, Office of Trust Records offices in Albuquerque, New Mexico, to the American Indian Records Depository (AIRR) located in Lenexa, Kansas.

Government's Response:

Based on our current knowledge and information, we believe that using SF-135s is a far too burdensome and ineffective method for identifying boxes that may contain documents relevant to the Tribe. The most efficient and effective method for identifying boxes for inspection at the AIRR is the use of the BISS, which not only contains more thorough information regarding box contents but also is electronically searchable. Again, however, we cannot turn over the results of an BISS search by Interior until a protective order is in effect.

---

[2] This collection contains the following data fields: Startbates; Endbates; Doctype; Author; Filingdate; Filingtitle; Partyplead; Partyexhibit; Exhibit_num; Ex_title; Transdate; Trans_type; Filetitle; Boxno ;Accession_num; Source; CDvolume.

Tribe's Request #26:

An inventory of all the boxes of records located at the AIRR location for the BIA, Quechan Agency, the Phoenix Area Office, or Central Office (Branch of Investments, Division of Financial Management, Branch of Finance and Accounting, the Branch of Trust Fund Accounting, Office of Trust Funds Management, Office of the Special Trustee, or the GSA ITAD records located in Lanham, Maryland), related to the trust assets managed by the Department of the Interior on behalf of the Tribe.

Government's Response:

We will request Interior to search the BISS for boxes that have been transferred from the BIA Quechan Agency and from the BIA Phoenix Regional Office to the AIRR. The Solicitor's Office will provide us with a PDF-formatted listing of the results of the BISS searches.

Interior will not search the BISS for boxes that have been transferred from Interior Department Central Office locations, because the BISS inventory for the boxes from Central Office locations does not consistently contain information identifying the agencies or the Tribes that are associated with the records in particular boxes. The best way to search the Central Office boxes is by the particular type of documents that the Tribe is seeking. We propose that the parties confer further about the approach that they should take for searching Central Office boxes for relevant or potentially relevant documents.

Tribe's Request #27:

Request an inventory of all financial, lease or rights-of-way documents located at the Bureau of Indian Affair's Quechan Agency, Phoenix Regional Office, or Office of the Special Trustee offices.

Government's Response:

We have requested Interior to determine whether any such inventory of records exists. Since the Quechan Agency records are in the possession of the Tribes, the Government has no duty to respond to Request No. 27, insofar as it concerns the Quechan Agency. However, in the spirit of cooperation, we will request that Interior identify boxes of potentially relevant records at the Quechan Agency and the Phoenix Area Regional Office. After OTR has pulled the boxes and Interior has done a pre-inspection privilege review, the Tribes can inspect the boxes with potentially relevant records.

We have requested that Interior obtain a document inventory from the BIA Phoenix Regional Office. When we receive this inventory, we will forward it to you.

Tribe's Request #28:

An inventory of all records currently held by the National Archives in Records Group 075 at

any National Archives location related to the Tribe.

Government's Response:

Documents in the permanent collection of the National Archives are as available and accessible to any member of the interested public, including the Tribe, as to the Government. Nevertheless, as a good-faith matter consistent with settlement discussions, we plan to engage DOJ's historical research consultants to locate and obtain National Archives finding aids relating to the Tribe, and we will provide those aids to the Tribe when we receive them.

Tribe's Request #29:

Request the published Commissioner of Indian Affairs annual reports relating to the Quechan Agency record [of] the value of products of Indian labor sold for each from, at minimum, 1884 through the present. Produce all documents that account for, relate to, or discuss in any way the management, disbursement, deposit, investment, or appropriation of such funds identified in each annual report.

Government's Response:

The Government believes that the value of products of Indian labor do not relate to tribal claims. Also, these records are equally accessible to the Tribe at one or more of the National Archives repositories. We should discuss this request further to determine how this information may advance settlement discussions.

Tribe's Request #30:

Request any and all documents including without limitation all leases, rights - of - way, agreements, permits, or other conveyance documents and all other data or materials, whether in written, printed, or electronic form, relating to or documenting any right, use, or electronic form, relating to or documenting any right, use, or interest to any land within the Fort Yuma Indian Reservation held by Defendant United States in trust for the Quechan Tribe, including but not limited to any right, use or interest identified in sections 3b(1) through (44) and described further in section 3c of the Secretarial Determination and Directive dated February 6, 1981, by the Secretary of the Interior, 46 Fed. Reg. 11372-02. after February 6, 1981.

Government's Response:

Interior has conducted a BISS search and prepared a PDF-formatted listing of potentially responsive documents. As you are aware, we cannot turn over the search results until a protective order has been entered in this case. Once the Tribe has identified boxes in the BISS results containing potentially relevant documents, the OTR must have time to pull these boxes and Interior needs time to do a privilege review in advance of an inspection by the Tribe.

Tribe's Request #31:

Request any and all documents, correspondence, accounting or other records, and other data or materials, whether in written, printed, or electronic form, relating to or documenting any payments made or received by Defendant United States from any third party or from Defendant United States, for any right, use, or interest in any land within the Fort Yuma Indian Reservation held by the United States in trust for the Quechan Tribe after February 6, 1981.

Government's Response:

Our response is identical to the response given to Request #30.

Tribe's Request #32:

In reference to Request for Production No. 6, for all investment purchase transactions listed in the MoneyMax Report and the Predecessor Investment Reports, provide copies of the following:

a. All SF-1166 Forms used to purchase these securities

b. All confirmed copies of SF-215/SF-219 forms for the deposit of checks received by the Bureau of Indian Affairs from banks or other financial institutions, the Department of the Treasury or Government Agencies for maturities and related interest;

c. All Accounts Distribution worksheets;

d. All "SF-215 Reconciliation" forms prepared by the BIA upon receipt of checks or wire-transfers for maturities and related interest;

e. All bank Certificates of Deposits for CDs purchased;

f. All Purchase Detail Reports for purchases of bank Certificates of Deposit;

g. All Purchase Detail Reports for purchases of Department of the Treasury securities;

h. All purchase Detail Reports for purchases of Government Agency Securities;

I. All purchase confirmations from the Department of the Treasury for the purchase of Department of the Treasury securities;

j. All purchase detail confirmations from the New York Federal Reserve Board for the purchase of all Government Agency securities, such as GNMAs, FNMAs, and Freddie Macs, SBA, and TVA securities; and

k. All brokerage Statements related to all purchases of Department of the Treasury or other Government Agency securities purchased on the Secondary Market.

Government's Response:

See, in part, our response to the Tribe's Request No. 6. Interior has performed a BISS search for boxes with potentially relevant documents, since it is most likely such documents are at the AIRR. The resulting PDF-formatted listing of responsive boxes cannot be provided to the Tribe until a protective order has been issued. In addition, there may be potentially relevant documents at the Iron Mountain storage facility in Phoenix, Arizona. (See response to Request No. 18). There may be potentially responsive Interior documents at various National Archives repositories; the two most likely ones are National Archives 2 (located in College Park, Maryland) and the Federal Records Center in Suitland, Maryland. We will ask our historical consultants to provide us with finding aids for such records.

We have requested the Treasury Department to identify Treasury documents which are responsive or potentially responsive to Request #32.

Tribe's Request #33:

In reference to Request for Production No. 6, for all investment maturity transactions listed in the MoneyMax Reports and Predecessor Investment Reports, all related Deposit Tickets (SF-219 or SF-215) or wire transfer notices from the Department of the Treasury for the EFT payments worksheets.

Government's Response:

Our response is identical to that given to Request #32.

We foresee the likelihood that you will have questions or comments about the foregoing or that you will see the need for a more detailed discussion. If that is the case, we suggest that the parties schedule a conference call at their convenience. If needed, we can arrange to have the appropriate agency program personnel available to assist in or enhance the discussions. Please call me at (202) 305-0482 at your convenience.

Sincerely,

James M. Upton
Attorney for Defendant

Enclosures

cc(w/o encl.): Martin LaLonde
Tony Hoang
Kevin Larsen
Paul Smyth
Ken Dalton
Gladys Cojocari
Elizabeth Brandon