IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| QUECHAN TRIBE OF THE FORT YUMA INDIAN RESERVATION, Plaintiff, | ) | No. 06-888 L |
| v. | ) | Judge Susan G. Braden |
| THE UNITED STATES, Defendant. | ) | |

## DEFENDANT'S NOTICE OF FILING STATUS REPORT DESCRIBING DOCUMENT PROTECTIVE ORDER COMPLIANCE MONITORING MECHANISMS

Pursuant to Paragraph No. 2 of this Court's October 25, 2007 Protective Order (also known as a record retention order or "RRO"), Defendant hereby submits its status report describing the steps that have been taken, and the plans and procedures being formulated and implemented, for complying with the record preservation requirements of the attached document Protective Order. The compliance monitoring mechanisms described in this status report shall apply to all documents, data, and tangible things held or controlled by the United States, its departments, agencies, employees or agents (hereinafter, the "United States"), and pertaining to the United States' management or accounting of the Quechan Indian Tribe's trust funds, and resources and other trust assets.

This Status Report consists of the appended Declarations ( most of which, in turn, have attachments) of officials or employees of the following agencies that have been determined (in some cases, preliminarily) to have the "documents, data, and tangible things,"[1]

[1] Data, documents and tangible things that the parties reasonably expect to be subject to discovery in this case and governed by this Protective Order include, without limitation, documents, data and tangible things reflecting, referring, or relating to (for example) any asset, such as funds, land, rights-of-way, easements, contracts, minerals, sand and gravel, or other

that are believed to be relevant to the Plaintiff's claims of alleged mismanagement of tribal trust funds and tribal natural resources held in trust.

The Declarations being submitted are from the United States Department of the Interior, the United States Department of the Treasury, the United States Department of Energy (Western Area Power Administration), the United States Department of Agriculture (Natural Resources Conservation Service), and the National Archives and Records Administration. The Interior Department will continue working on its plans and procedures, so as to further refine its compliance mechanism. Also, the other agencies will continue reviewing their compliance plans and procedures and file additional status reports, as needed.

Dated this 21st day of December, 2007.

Respectfully submitted,

RONALD J. TENPAS
Acting Assistant Attorney General

*s/ James M. Upton*
JAMES M. UPTON
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0482
Fax: (202) 353-2021
E-mail: james.upton@usdoj.gov

Attorney of Record for Defendant

Attachments



resources, that is, (or has been), held in trust by the United States for the Quechan Indian Tribe, and other types/categories of documents and data referenced in the March 12, 2007 Memorandum of Deputy Solicitor, Lawrence Jensen, at page 2 (copy of the Jensen Memorandum attached as Exhibit A to the Declaration of Thomas Bartman).

OF COUNSEL:

ANTHONY P. HOANG
U.S. Department of Justice
Environment & Natural Resources
Division
Natural Resources Section
P. O. Box 663
Washington, D.C. 20044-0663
Tel. (202) 305-0421
Fax: (202) 353-2021

ELIZABETH C. BRANDON
THOMAS BARTMAN
Office of the Solicitor
U.S. Department of the Interior
Washington, D.C. 20240

TERESA DAWSON
Office of the Chief Counsel
Financial Management Services
U.S. Department of the Treasury
Washington, D.C. 20217

JASON BARON
Office of the General Counsel
National Archives and Records
Administration
Washington, D.C. 20004

MARY ANN JOCA
Office of the General Counsel
U.S. Department of Agriculture
Albuquerque, New Mexico

CLAIRE DOUTHIT
Office of the General Counsel
U.S. Department of Energy
Denver, Colorado

# In the United States Court of Federal Claims

No. 06-888L
Filed October 25, 2007

```
***********************************
                                  *
QUECHAN TRIBE OF                  *
THE FORT YUMA                     *
INDIAN RESERVATION,               *
                                  *
        Plaintiff,                *
                                  *
v.                                *
                                  *
THE UNITED STATES,                *
                                  *
        Defendant.                *
                                  *
***********************************
```

**PROTECTIVE ORDER**

Pursuant to Rule of the Court of Federal Claims 26(c) ("RCFC"), as well as the Court's inherent power to regulate its proceedings and maintain the integrity of its functions, the Court hereby issues the following Order:

**1. Obligation to Preserve Certain Documents, Data, and Tangible Things**

During the pendency of this litigation (including informal settlement discussions, ADR, and/or any appeals herein), the parties, as well as their agencies, their employees, and their agents, will take reasonable steps to preserve those documents, data, or tangible things that are in their possession, custody, or control, and that contain information that is relevant to, or may reasonably lead to the discovery of information that is relevant to, the subject matter of the pending litigation (including claims and defenses), as that subject matter is set forth in the Complaint and any amendments thereof and the Answer to such complaint and any amendments thereof. This Order does not impose an obligation on the parties to retain duplicate copies of the documents, data, or tangible things that are subject to the Order. Additionally, nothing in this Order Supplants the discovery obligations under the RCFC.

**2. Mechanism for Ensuring Compliance With This Order**

Defendant, in consultation with Plaintiff, shall establish a mechanism for ensuring on-going compliance with this Order, such as periodic reminders of record retention obligations to be sent to

appropriate document repositories by a date to be determined by the Court and then every six months thereafter for the pendency of this case. Defendant shall file a report setting forth its compliance mechanism, within 60 days of the date of this Order. The compliance mechanism shall include the parties' specification of the subject matters at issue in this litigation and the documents, data, or tangible things that the parties reasonably anticipate to be subject to discovery in this case and to this Order. Counsel shall notify the Court and opposing counsel, as soon as is reasonably possible, if, at any time, they become aware of a violation of Paragraph 1 of this Order (i.e., the destruction or loss of certain documents, data, and/or tangible things).

**3. Definitions**

For purposes of this Order, the following terms are to defined as follows:

(a) "Documents, data, and tangible things" shall be interpreted to consist of writings; records; files; contracts; leases; correspondence; reports; memoranda; calendars; diaries; minutes; electronic mail (e-mail) ; telephone message records or logs; computer and network activity logs; hard drives; backup data; removable computer storage media, such as tapes, disks, and cards; printouts; document image files; databases; spreadsheets; software; books; ledgers; journals; orders; invoices; bills; vouchers; checks; statements; worksheets; summaries; compilations; computations; charts; diagrams; graphic presentations; drawings; films; digital or chemical process photographs; video; phonographic or digital recordings, or transcripts thereof; and circulated drafts. The term also shall include information that serves to identify, locate, or link documents, data, and tangible things, such as file inventories and indices.

(b) "Preserve" shall be interpreted to accomplish the goal of maintaining the integrity of all documents, data, and tangible things reasonably anticipated to be subject to discovery in this case as related to the subject matters defined by the Parties under paragraph 2 above. "Preserve" includes the parties taking reasonable steps to prevent the partial or full destruction, alteration, deletion, shredding, incineration, wiping, theft, or mutation of documents, data, and tangible things, and any negligent or intentional handling that would make material incomplete or inaccessible.

**4. Movement(s) or Transfer(s) of Certain Documents, Data, and Tangible Things**

In the event that Defendant anticipates moving or transferring trust documents relating to Plaintiff from the Colorado River Agency, the Fort Yuma Agency, and Phoenix (Western) Regional Office of the Bureau of Indian Affairs (BIA) to the American Indian Records Repository (AIRR), Defendant shall provide Plaintiff with notice of such document movement at least 20 days in advance of the movement. Such written advance notice shall include a copy of any move plans and box inventories produced pursuant to regulations and procedures governing movement of trust documents.

**5. Dispute Resolution**

If a party desires clarification of any issue(s) related to the parties' obligations pursuant to, or compliance with, this Order, or believes that the opposing party has violated any term of this Order, the party shall notify the opposing party in writing and state the issue(s) requiring clarification or the grounds upon which the party has formed such belief. As soon as practicable after receiving such written notification, the parties shall meet and confer in an attempt to clarify the issue(s) in a mutually agreeable manner or resolve the dispute. If the parties cannot clarify the issue(s) in a mutually agreeable manner or do not resolve the dispute, within a period of 20 days either party may file a motion with the Court seeking a ruling regarding the parties' obligations under, and compliance with, this Order.

**6. Further Instructions, Clarification, or Modification of This Order**

Each party may apply to the Court, at any time, for further instructions, clarification, or modification of this Order, regarding, inter alia, their obligations to preserve specific categories of documents, data, and tangible things covered by the Order. The parties are encouraged to confer among themselves and to make a joint proposal or submission to the Court, wherever appropriate or possible.

The court, however, reserves the right, after reviewing the record and other information submitted by the parties, to modify this Protective Order in the event such information is not confidential, privileged, proprietary, or would adversely affect national defense and/or national security upon public disclosure.

**IT IS SO ORDERED.**

s/Susan G. Braden
**SUSAN G. BRADEN**
**Judge**

# INDEX TO DECLARATIONS AND ATTACHMENTS

## I. DEPARTMENT OF INTERIOR

DECLARATION OF THOMAS BARTMAN, December 21, 2007

| | |
|---|---|
| Exhibit A | Memorandum from Lawrence Jensen to all Interagency Employees re: Litigation Hold: Preservation of Information In the Tribal Trust Cases, March 12, 2007 |
| Exhibit B | Memorandum from Paul B. Smyth to all Interagency Offices re: Compliance with RROs, November 20, 2007; with attachments |
| Exhibit C | Facsimile from Indian Tribal Trust Litigation Office to Interagency Offices re: Report of Conference Call on Compliance with RRO, December 7, 2007 |
| Exhibit D | Facsimile from Indian Tribal Trust Litigation Office to Interagency Offices re: Draft Follow-up RRO Compliance Coordinators, December 18, 2007 |

DECLARATION OF WILLIAM WALKER, December 20, 2007

| | |
|---|---|
| Exhibit A | Email to All BIA Employees from Carl J. Artman re: Litigation Hold; with attachments |
| Exhibit B | Memorandum to All Employees re: Responsibilities in Compliance with the RRO, December 10, 2007 |
| Exhibit C | Copy of email transmittal of Harnage email to Fort Yuma Agency, with FYA Response |

DECLARATION OF RICHARD P. FIELITZ, December 14, 2007

DECLARATION OF RANDY FEUERSTEIN, December 20, 2007

| | |
|---|---|
| Exhibit A | Memorandum to all Bureau of Reclamation Employees and Contractors from R. Feuerstein re: Tribal Trust Litigation Hold, April 24, 2007 |
| | Email from Roy Wingate to all Employees re: Compliance With RROs of Various Tribes, December 3, 2007 |
| Exhibit B | Memorandum from Paul Smyth to all Employees re: |

Compliance with RROs in Tribal Trust Cases, November 20, 2007

**II. DEPARTMENT OF TREASURY**

DECLARATION OF LACHLAN W. SEWARD, November 28, 2007

| | |
|---|---|
| Exhibit A | Declaration of Debby Diener, April 23, 2004 |
| | Status Report on the U.S. Department of Treasury's Compliance Mechanisms for *The Pueblo of Laguna v. United States* |
| Exhibit B | Defendant's Supplemental Status Report Describing Compliance with the March 19, 2004 Order; Treasury Excerpts |
| | Declaration of Richard L. Gregg, March 4, 2005 |
| | Declaration of Anne M. Meister, March 17, 2005 |
| | Declaration of Rory D. Schultz, February 28, 2005 |
| Exhibit C | Memorandum from General Counsel David D. Aufhauser, Re: Identification and Retention of Tribal Trust Fund Records, March 29, 2002 |
| Exhibit D | Department of Treasury Employee Retention Reminder, August 6, 2007 |
| Exhibit E | Department of Treasury Employee Retention Reminder, August 27, 2007 |
| Exhibit F | Department of Treasury Employee Retention Reminder, August 29, 2007 |
| Exhibit G | Letter from Sharon King to Thomas E. Mills, September 13, 2007 |
| Exhibit H | Reminder from Vicki Thorpe to Stephen Cooper, August 21, 2007 |
| Exhibit I | Letter from Margaret Marquette to Mary H. Karr, November 5, 2007 |

Exhibit J — Letters from Michael Mackay to Stephen Herndon of Bank of America, November 7, 2007

Letter from Michael Mackay to Elaine Friedman of Mellon Bank, November 7, 2007

Exhibit K — Letter from Ronald G. Cymbor to Michael Stenger of the U.S. Secret Service, November 7, 2007

Exhibit L — Financial Management Service, BAM excerpt

**III. NATIONAL ARCHIVES RECORDS ADMINISTRATION**

DECLARATION OF JASON A. BARON, December 20, 2007

Exhibit A — Memorandum to all Employees re: Update on Holds On NARA Operational Records Relevant to "Tribal Trust" Lawsuits, December 20, 2007

Exhibit B — Report re: Records Holds and listing all Tribal Trust Cases, December 20, 2007

Exhibit C — Notice to all Employees re: Holds on NARA Operational Records Relevant to "Tribal Trust" Lawsuits, December 3, 2007

**IV. DEPARTMENT OF AGRICULTURE**

DECLARATION OF ROBERTA STEVENSON-MCDERMOTT, December 21, 2007

**V. DEPARTMENT OF ENERGY**

DECLARATION OF SUSAN SILVA, December 20, 2007