# DECLARATION OF

# WILLIAM T. WALKER

# DECEMBER 20, 2007

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| Quechan Tribe of The Fort Yuma Indian Reservation<br>Plaintiff<br><br>v.<br><br>United States of America<br>Defendant | ) | Case No. 1:06-cv-00888-SGB<br><br>DECLARATION OF WILLIAM T. WALKER |

I, William T. Walker, as the Bureau of Indian Affairs Deputy Regional Director - Trust Services of the Western Region, pursuant to 28 U.S.C. ()1746, do hereby declare and state:

1. I am the Deputy Regional Director-Trust Services. I have held this position since October 21, 2007. I am aware of my responsibility for overseeing the preservation of documents and data related to the Indian records under the control of the Western Regional Office WRO), Bureau of Indian Affairs (BIA). In December 2007, I designated Thomas Hemstreet, Records Management Specialist of the Office of Trust Records (OTR), Office of Trust Responsibilities, to assist me in these duties. Both Mr. Hemstreet and I are familiar with the Department of Interior's longstanding policy, which requires that all Indian fiduciary trust records be preserved indefinitely, and forbids their destruction in any case. Additionally, Lorraine Ashley, Records Management Specialist, is assigned by OTR to the BIA (WRO) to coordinate with and to advise BIA on Interior's records retention policies and procedures.

2. On or about April 18, 2007, the BIA Central Office, on the BIA intranet, published notice of a litigation hold requiring BIA employees and contractors to review the memorandum of Deputy Solicitor Jensen regarding preservation of information associated with Tribal Trust Litigation Cases (Memorandum dated March 12, 2007). A true and correct copy of that intranet notice and the Jensen Memorandum is Exhibit 1.

3. On or about October 30, 2007, I received by fax from the Solicitor's Office copies of two documents, viz. a three-page Protective Order or Record

Retention Order (RRO) entered in this case No. 06-888L on October 25, 2007 by Judge Susan G. Braden together with a copy of the March 12, 2007 Jensen Memorandum. The Western Regional Director, Allen Anspach, under Order No. 06-888L, has designated me as the RRR Coordinator for this Office and for the Agencies that report to the WRO.

4. To ensure on-going compliance with the Order, Velda M. Garcia, Executive Assistant to my Office will send periodic email reminders of the RRO obligations to WRO and Agency employees as well as to Donna Peigler, Manager of our Land, Title and Records Office (LTRO) at Albuquerque, New Mexico. These reminders will be monitored by Thomas Hemstreet of OTR.

5. Pursuant to my Office's discussions of the RRO on November 7, 2007, my staff also has coordinated with Lynn Polacca, Acting Superintendent at Fort Yuma Agency to assure that all Agency employees understand and will comply with the terms and conditions of the RRO. On December 3, 2007, at one of the Fort Yuma Agency meetings, the Acting Superintendent delivered copies of the RRO and of the March 12, 2007 Jensen Memorandum to all FYA staff members and requested each of them to read and familiarize themselves with the requirements of these documents. If any questions needing clarification should arise among Agency employees those questions should be directed to their immediate supervisor and or to Tom Bartman. (202)-208-5000

6. On November 7, 2007, during a discussion in my office of other possible locations of relevant Quechan documents, the Colorado River Agency (CRA), BIA at Parker, Arizona, was identified as potentially holding Quechan Tribe records relating to roads. By facsimile on November 8, 2007, Perry Baker, Superintendent at CRA, reported that CRA did not hold any documents or data regarding trust assets or trust funds of the Quechan Tribe. The Office of the Solicitor was so advised and notified.

7. The trust assets and resources of the Quechan Tribe principally come under the aegis of BIA Branches of Transportation, Real Estate Services, and

Natural Resources at the WRO. A total of fifty-four employees presently are among those Branches. On December 10, 2007, copies of the RRO and of the March 12, 2007 Jensen Memorandum, together with an explanatory cover memorandum were hand delivered to those employees by Pierre M. Cantou, Paralegal Specialist with the Branch of Real Estate Services. If any questions needing clarification arise among any of the WRO employees they first should contact their immediate supervisor or as a second alternative can call Mr. Bartman for assistance, as needed. A true and correct copy of the cover memorandum is Exhibit 2, herewith.

8. By email from Central Office to all BIA Regional Directors and Deputy Directors on December 12, 2007, the Records Retention Coordinator for the Assistant Secretary-Indian Affairs notified this office of the filing of the Court of Federal Claims RROs in several cases, including this one. On December 18, 2007 the message was emailed to the Acting Superintendent of the FYA for response, and in particular regard to the last paragraph of page 1 thereof as to "locations that already have been contacted by the Solicitor's Office about one or more of these eight tribal cases need[ing] only respond that 'yes, we do have documents, and we know about the RRO compliance requirements.'" Indeed, those are the circumstances that do appertain at the Fort Yuma Agency. A true and correct copy of the email to the FYA is Exhibit 3.

9. In order further to help ensure compliance with the Court's Order, I expect early in calendar year 2008 to commence the preparation of the Compliance Action Plan, in the form of a chart, and to assign responsibility to individuals within the WRO for carrying out designated tasks. These tasks are expected to include:

a. On the bi-weekly meetings of Branch Chiefs, provide an Agenda opportunity for discussion and questions for compliance with the Order.

b. Via email on the Intranet, sending monthly reminders to Program Managers to safeguard trust records, in accordance with Department policy.

c. Issuing email reminders to all WRO personnel, on a quarterly basis, of

the terms of the Court's Order.

d. Including an item on compliance with the Order in the Records Training for new staff members, and in Refresher Courses for staff members who work with trust records.

e. Sending bi-monthly reminders to all personnel who are Records Custodians to ensure their compliance with the Order.

10. In addition to the foregoing, I will require that WRO and FYA staff members be reminded to direct any questions about the creation, maintenance or preservation of trust records to the Records Liaisons of OTR, and in pursuance of the cover memorandum of December 10, 2007. Additionally, staff members promptly are to report any incidents of destruction of relevant records to me. Furthermore, I will report any such incidents of destruction of trust records to Tom Bartman at the Office of the Solicitor. I will refer any questions regarding compliance with the Court's Order to them, as well.

Executed on December 20, 2007.

William T. Walker

Exhibits (3)

# DECLARATION OF

# WILLIAM T. WALKER

# EXHIBIT A

INSIDE INDIAN AFFAIRS

## Litigation Hold: Preservation of Information in Tribal Trust Cases

To: All BIA Employees

From: Carl J. Artman
Assistant Secretary - Indian Affairs

Subject: Litigation Hold: Preservation of Information in Tribal Trust Cases

It is essential that all employees and contractors review the litigation hold directive linked below, become familiar with the obligations outlined and take immediate action to comply with and preserve any information that is, or might be, considered relevant to the preservation of information associated with Tribal Trust Litigation Cases. You will be notified if any additional direction or guidance becomes available.

If you have any question or require additional information regarding this issue, please contact Mr. Paul Smyth, Counselor to the Solicitor at (202) 208.4307. Thank you for your prompt attention to this matter.

- Signed Memorandum from ASIA in PDF format – 71 kbs (4/13/07)
- Litigation Hold: Preservation of Information in Tribal Cases in PDF format – 942 kbs (3/12/07)
- Litigation Hold Imposed by the Department of Justice Due to the Tobacco Litigation (3/02/07)

United States Department of the Interior

OFFICE OF THE SECRETARY
Washington, DC 20240

TAKE PRIDE IN AMERICA

APR 13 2007

Memorandum

To: All Employees

Through: Director, Bureau of Indian Affairs

Director, Bureau of Indian Education

From: Deputy Assistant Secretary - Indian Affairs (Management)

Subject: Litigation Hold: Preservation of Information in Tribal Trust Cases

It is essential that all employees and contractors review the litigation hold directive linked below, become familiar with the obligations outlined and take immediate action to comply with and preserve any information that is, or might be, considered relevant to the preservation of information associated with Tribal Trust Litigation Cases. You will be notified if any additional direction or guidance becomes available.

If you have any question or require additional information regarding this issue, please contact Mr. Paul Smyth, Counselor to the Solicitor at (202) 208.4307. Thank you for your prompt attention to this matter.

United States Department of the Interior

OFFICE OF THE SOLICITOR

MAR 12 2007

MEMORANDUM

To: Office of the Secretary
Office of the Solicitor
Office of the Special Trustee
Office of Historical Trust Accounting
Office of the Inspector General
Office of Assistant Secretary - Indian Affairs
Bureau of Indian Affairs
Office of Assistant Secretary - Policy, Management, and Budget
Office of Hearings and Appeals
Office of Assistant Secretary - Land and Minerals
Minerals Management Service
Office of Surface Mining
Bureau of Land Management
Office of Assistant Secretary - Fish, Wildlife, and Parks
Fish and Wildlife Service
Office of Assistant Secretary - Water and Science
Bureau of Reclamation
U.S. Geological Survey

From: Lawrence J. Jensen
Deputy Solicitor

Subject: Litigation Hold: Preservation of Information in Tribal Trust Cases

As you may know, eighty Tribal plaintiffs, including some Indian groups that are not federally recognized, recently filed actions against the Department of the Interior ("Department") asserting claims of breach of trust and/or asset mismanagement (collectively, "Tribal Trust cases"). This gives rise to an extremely important obligation under Federal law to preserve material that is or may be relevant to the Tribal Trust cases.

The purpose of this Litigation Hold is to inform you of the scope of this obligation and what actions are required to comply with it. The preservation of information will primarily be carried out by individual employees and contractors (any reference herein to "employees" includes contractor employees). Therefore, it is imperative that a copy of this Litigation Hold reaches every employee who may possess relevant information in your bureau or office.

Information To Be Preserved:

The information that must be preserved consists of all "documents, data, and tangible things" in the possession, custody, or control of your bureau or office that are or may be relevant to the subject matter of the Tribal Trust cases. "Documents, data, and tangible things" encompass paper documents, electronically stored information (discussed below), and other materials, such as maps, videos, calendars, charts, and similar items.

Attached is a list identifying the individual Tribal plaintiffs whose information must be preserved. Additionally, the Native American Rights Fund has filed an action purporting to be on behalf of all other Tribes that received materials as part of the Tribal Reconciliation Project. Therefore, this Litigation Hold covers information concerning any Tribe or group of Indians for which the Department administers or has administered assets in trust.

The Tribal Trust cases concern the management and accounting of tribal resources and funds held in trust by the Department. Accordingly, information that is or may be relevant to these cases includes, without limitation, anything reflecting, referring or relating to:

1. any asset, such as funds, land, minerals, forestry, sand and gravel, or other resources, that is, or at any time has been, held in trust by the United States or its agents for Tribes or Indian groups ("trust asset");
2. policies, procedures, guidelines, or correspondence relating to any aspect of the management or administration of trust assets;
3. proceeds, interest, or income from trust assets; or disbursement, distribution, disposition or transfer of any trust assets;
4. reports, appraisals, reconciliations, or evaluations of any trust assets; and
5. information that serves to identify, locate, or link any relevant information, such as file inventories, file folders, and indices.

The timeframe of information that must be preserved is from a yet-to-be-determined beginning date through the present, which means that information created in the future must also be preserved.

General Preservation Requirements:

Employees are required to take "reasonable steps" to preserve the information described above. Reasonable steps, at a minimum, include ensuring that information is not purged pursuant to a records disposition schedule or otherwise inadvertently destroyed. This obligation also extends to records maintained in off-site storage facilities, which may include, in some instances, Federal Records Centers. At the present time, this obligation is only to identify and preserve the information. You will be notified if anything additional is required as the Tribal Trust cases proceed.

Preservation of Electronically Stored Information ("ESI"):

Under new amendments to the Federal Rules of Civil Procedure, the preservation requirement explicitly relates to electronically stored information. ESI can include, but is not limited to:

- E-mail (including attachments);
- Instant messages;
- Electronic calendars, task lists, and other organizational aids;
- Word processing documents;
- Spreadsheets;
- Databases;
- Audio and video recordings; and
- Voicemail.

ESI may be located on network systems and servers, local hard drives, laptops, storage media, (including flash drives, diskettes, and CD-ROMs), as well as on PDAs (such as Blackberries) and cell phones. Note that home computers, cell phones, and other devices used for work may also contain relevant or potentially relevant information that must be identified and preserved. Further, the hard drive and network files of departing employees must be identified and preserved.

Your IT personnel will be responsible for taking steps to preserve ESI from a technical standpoint. Employees should seek assistance from the IT personnel as necessary to preserve their ESI, and in no case should they delete any relevant information.

Conclusion:

Immediate compliance with this Litigation Hold is essential to protect the Department from lengthy—and avoidable—discovery disputes that consume bureau time and resources and other negative consequences, such as monetary sanctions and evidentiary inferences that would limit the Department's ability to defend against the claims in the cases. This Litigation Hold also protects individual managers and employees by providing them basic guidance on how to comply with their legal requirements.

Thank you for your prompt attention to this matter. Please direct any questions about this memorandum to Paul Smyth, Counselor to the Solicitor, (202-208-4307).

Attachment

Tribes and Indian Groups with Pending Tribal Trust Cases (As of 3/06/2007)

Ak-Chin Indian Community

Alabama Quassarte Tribal Town

Assiniboine & Sioux

Gros Ventre Tribe and Assiniboine Tribe

Blackfeet Tribe of the Blackfeet Indian Reservation

Cheyenne River Sioux Tribe

The Chickasaw Nation and Choctaw Nation

Chippewa Cree ("Pembina")

Chippewa Cree Tribe of the Rocky Boy's Reservation

Coeur d'Alene Tribe

Colorado River Indian Tribes

The Confederated Tribes of the Colville Reservation

Confederated Tribes of the Goshute Reservation

Confederated Tribes of the Warm Springs Reservation of Oregon

Crow Creek Sioux Tribe

Delaware Tribe of Indians and The Delaware Trust Board

Delawares of Idaho, Inc.

Eastern Shawnee Tribe of Oklahoma

Gila River Indian Community

Haudenosaunee, Onondaga Nation

Hoopa Valley Tribe

Hopi Tribe

Iowa Tribe of Kansas and Nebraska

Jicarilla Apache Nation

Kaw Nation of Oklahoma

Makah Indian Tribe of the Makah Indian Reservation

Miami Tribe of Oklahoma

Muscogee (Creek) Nation of Oklahoma

Navajo Nation

Nez Perce, et al (Class Action)

Mescalero Apache Tribe

Tule River Indian Tribe

Hualapai Tribe

Yakama Nation

Klamath Tribes

Yurok Tribes

Cheyenne-Arapaho Tribe

Sac and Fox Nation

Santee Sioux Tribe of Nebraska

Nez Perce Tribe

Northern Cheyenne Tribe of Indians

Northwestern Band of Shoshone Indians

Oglala Sioux Tribe

Omaha Tribe of Nebraska

Osage Nation and/or Tribe of Indians of Oklahoma

Otoe-Missouria Tribe of Indians of Oklahoma

Paiute-Shoshone Indians of the Bishop Community of the Bishop Colony, California

Passamaquoddy Tribe of Maine

Pawnee Nation of Oklahoma

Pechanga Band of Luiseno Mission Indians of California

Ponca Tribe of Indians of Oklahoma

Prairie Band of Potawatomi Nation

Pueblo of Laguna

Pueblo of Santa Ana

Quechan Tribe of the Fort Yuma Indian Reservation

Red Cliff Band of Lake Superior Chippewa Indians

Rosebud Sioux Tribe

Round Valley Indian Tribes

Salt River Pima-Maricopa Indian Community

San Manuel Band of Serrano Missions Indians

Seminole Nation of Oklahoma

Shoshone-Bannock Tribes of the Fort Hall Reservation

The Shoshone Indian Tribe and Northern Arapaho Tribe of the Wind River Reservation, Wyoming

Eastern Shoshone Tribe and Northern Arapaho Tribe

Soboba Band of Luiseno Indians

Sokaogon Chippewa Community (aka Mole Lake Band of Lake Superior Chippewa Indians)

Standing Rock Sioux

Stillaguamish Tribe of Indians

Swinomish Indian Tribal Community

Te-Moak Tribe of Western Shoshone Indians (Class Action)

Three Affiliated Tribes of the Fort Berthold Reservation

Tohono O'odham Nation

Tonkawa Tribe of Indians of Oklahoma

United Keetoowah Band of Cherokee Indians in Oklahoma

Ute Indian Tribe of the Uintah and Ouray Reservation

Winnebago Tribe of Nebraska

Wyandot Nation of Kansas

Yankton Sioux

Yomba Shoshone Tribe

# DECLARATION OF

# WILLIAM T. WALKER

# EXHIBIT B

Quechan Tribe v. United States, Case 1:06-cv-00888-SGB, Court of Federal Claims

Protective Order No. 06-888L, Record Retention Order (RRO), Filed 10-25-2007

To: All Employees
WRO Branch of Roads
WRO Branch of Realty
WRO Branch of Land & Water
Fort Yuma Agency

12-10-2007

Subject: Employee Responsibilities
Compliance with the RRO

Attached, find a copy of Protective Order No. 06-888L, together with a Memo dated 03-12-2007, from Lawrence J. Jensen, Deputy Solicitor, outlining YOUR RESPONSIBILITIES AS DOI Employees during the entire pendency of this litigation. The claim was filed in the CFC 12-26-2006.

Read and familiarize yourselves with the requirements of these documents.

Please direct any questions about the RRO and accompanying Memorandum to your immediate supervisor, or to Tom Bartman, Attorney-Advisor, Office of the Solicitor, Washington, D.C. (202)-208-5000.

Thank you for your prompt attention to this matter.

# Quechan Record Protective Order Certification

I certify for the Fort Yuma Agency that we have received the memo from Bob Hamage dated, 12/12/2007, regarding the information request and state "yes" that we do have relevant documents related to the Quechan Tribe and that we have received a printed copy of Quechan's Records Protective Order and that we must abide by court order for the preservation of all Trust Records involving Quechan Tribe.

Print Name and Title:

Lynn A. Polacca, Acting Superintendent

Signature: [signature]

Date: December 20, 2007

# DECLARATION OF

# WILLIAM T. WALKER

# EXHIBIT C

# MESSAGE CONFIRMATION

12/19/2007 15:18

| DATE | S,R-TIME | DISTANT STATION ID | MODE | PAGES | RESULT | S.C. |
|---|---|---|---|---|---|---|
| 12/19 | 00'43" | 9287821266 | TX | 004 | OK | 0000 |

12/19/2007 15:17 NO.038 P001

[redacted]

**DEPARTMENT OF THE INTERIOR**
**BUREAU OF INDIAN AFFAIRS**
**WESTERN REGIONAL OFFICE**

**BRANCH OF REAL ESTATE SERVICES**
**TWO ARIZONA CENTER, 13TH FLOOR**
**400 N. 5th STREET**
**PHOENIX, ARIZONA 85004**

PH: (602) 379-6781 FAX (602) 379-6754

## FAX TRANSMISSION COVER SHEET

DATE: 12-19-2007 Wed.

TO: Lynn Polacca, Act. Supt. Ft. Yuma Agency BIA, Yuma, Az.

FAX: 928-782-1266

RE: Quechan v USA, Record Retention Order, Declaration by Bill Walker Dept. Dir. (Trust)

SENDER: Pierre M. Cantou, Paralegal Specialist

YOU SHOULD RECEIVE 4 PAGES(S), INCLUDING THIS COVER SHEET. IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL (602) 379-6781.

Exhibit 3