# DECLARATION OF

# RANDY FEUERSTEIN

# DECEMBER 20, 2007

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**QUECHAN TRIBE of the Fort Yuma Indian Reservation**

Plaintiff,

v

**UNITED STATES OF AMERICA**

Defendant

Case No. 06-0888L
Judge Susan G. Braden

**DECLARATION OF RANDY FEUERSTEIN**
Chief Information Officer

---

I, Randy Feuerstein, pursuant to 28 U.S.C. &1746, do hereby declare and state:

1. I have held the Chief Information Officer position for the Bureau of Reclamation (Reclamation), Department of the Interior, since December 2003. My duties include oversight for records, etc., per secretarial order – S.O. 3244.

2. Reclamation is aware of the Department-wide policy to preserve all Indian trust records. On or about March 21, 2007, Reclamation received a Memorandum signed by Larry Jensen, Deputy Solicitor, subject: Litigation Hold: Preservation of Information and Tribal Trust Cases, dated March 12, 2007, which was addressed to all Interior offices and bureaus. It directed those offices and bureaus to, among other things, preserve information potentially relevant to any tribal trust litigation, including but not limited to this case. The Memorandum identified common issues in tribal trust cases and directed the continued preservation of electronic and paper records potentially relevant to these cases. A copy of the Jensen Memorandum was then distributed to all Reclamation employees via e-mail (copy attached).

3. Reclamation received a memorandum from Paul B. Smyth, Counselor to the Solicitor, subject: Compliance with Records Retention Orders in Tribal Trust Cases: Swinomish Indian Tribal Community v. United States; Navajo Nation v. United States; Round Valley Indian Tribes v. United States; Pawnee National of Oklahoma v. United States; Kaw Nation v. United States; Quechan v. United States, dated November 20, 2007. In response to this memorandum, Reclamation took the following actions:

   a.) I was designated the Records Retention Order Compliance Coordinator for Reclamation. My alternate coordinator is Gary Palmeter and the alternate backup is Roy Wingate.
   b.) The Reclamation Records Manager distributed the Smyth memorandum along with a reminder to all Native American Program Coordinators and Reclamation Information Management Officers (RIMO) of employee

responsibilities regarding preservation of records related to these cases (copy attached).

4. On December 6, 2007, Gary Palmeter and Roy Wingate participated in a conference call arranged by the Solicitor's Office with all of the designated Records Retention Orders (RRO) Compliance Coordinators for Interior's offices and bureaus, as part of the process of developing additional measures to ensure Interior's compliance with all of the Court of Federal Claims RROs. Reclamation then received (on December 13, 2007) a copy of a memorandum issued on December 7, 2007, by the Solicitor's Office that documented the December 6, 2007 teleconference.

5 On December 18, 2007, Reclamation received further guidance from the Solicitor's Office in the form of a draft guidance memo, which requests all Interior offices and bureaus to provide responses on or before January 4, 2008. Reclamation intends to meet that January 4 deadline.

Related Issues:

1) All employees were required to complete DOI mandated records management training in 2006. A DOI mandated refresher training is scheduled for 2008.
2) A freeze/hold on all Native American records was put in place due to the Cobell litigation by the Department of Justice and the National Archives and Records Administration (NARA). All Native American records created in Reclamation have a permanent retention approved by NARA #N1-115-94-8 and N1-115-94-5 in 1994.
3) Periodic reminders to Native American Program Coordinators and RIMOs will be issued.

Executed this 20th day of December, 2007.

RANDY FEUERSTEIN
Chief Information Officer

# DECLARATION OF

# RANDY FEUERSTEIN

# EXHIBIT A

# United States Department of the Interior

BUREAU OF RECLAMATION
P.O. Box 25007
Denver, Colorado 80225-0007

TAKE PRIDE IN AMERICA

IN REPLY REFER TO:

84-21300
RIM-1.10

April 24, 2007

VIA ELECTRONIC MAIL ONLY

MEMORANDUM

To: All Bureau of Reclamation Employees
All Bureau of Reclamation Contractors

From: Randy Feuerstein */s/ Randal L. Brammer (Acting for)*
Chief Information Officer

Subject: Tribal Trust Litigation Hold, Office of the Solicitor

Attached is a memorandum from Deputy Solicitor, Mr. Lawrence J. Jensen, in the Office of the Solicitor dated March 12, 2007. This memorandum advises all employees and contractors in the Department of the Interior and the Bureau of Reclamation that a new litigation has been filed relating to Tribal Trust Assets.

The original Cobell litigation concerned Individual Trust Assets and is still pending before the Court. This new suit involves Tribal Trust Assets filed by the Tribes as indicated in the attachment to Mr. Jensen's memorandum. Therefore, there are two separate but related suits.

Reclamation employees and contractors are reminded that all records, regardless of medium (e.g., paper, digital, electronic, photographic, etc.) relating to all Native American programs, projects, or other activities have an approved permanent retention schedule and are to be sent to the National Archives in Denver, Colorado, when no longer required for current business purposes. Consequently, this new litigation should not greatly affect Reclamation's record keeping practices.

If you have questions concerning the transfer or retention of Native American records, please contact your Regional Records Officer or the Reclamation Records Manager listed on the Records Management Web site at http://intra.do.usbr.gov/records/regionalcontacts.html.

Attachment

Distribution EC

**From:** Roy Wingate
**To:** Native American; RIMO's 2007
**Date:** 12/3/07 9:27AM
**Subject:** RE: Compliance with Records Retention Orders Various Tribes

All,
Attached is a notification from the Officer of the Solicitor concerning various Tribal Trust litigation and the retention of records that may be relevant to these specific suits. Please be advised:
a. All Native American records created or received by Reclamation have a National Archives and Records Administration (NARA) approved permanent retention which mandates their preservation and accessioning to the National Archives in Denver, CO as described in the Information Management Handbook classification code PRJ-28.00 or WTR-4.13 and WTR-4.14. These codes include Native American Projects - Native American Water Rights - Native American Trust and Land records. Records concerning specific Programs, Tribal assistance, Grants, etc. may be filed in other classification codes if applicable as long as that code has a permanent retention. Regional Records Officers are advised to review their Region and Area Office filing systems for compliance.
b. Please be advised that records retention schedules are mandated by law as defined in U.S.C. and 36 CFR. Records are to be reviewed and processed as indicated and 'copies' retained for reference in offices where program or project work is on-going. Work being done directly for Tribes or through BIA requires one copy of each record created be made and transferred to that entity during the contract period or at the conclusion of the Project or Program activity. Reclamation retains all original records for transfer to the National Archives.
I expect additional notifications of Tribal Trust Cases to be forthcoming. If any such notifications are received form sources other than the Denver Office please make certain they are sent to 84-21300 for tracking. The Bureau Chief Information Officer, Randy Feuerstein, has overall responsibility for compliance with Officer of the Solicitor requirements. Alternates are Gary Palmeter, Manager, Information Management Division, and the Backup Alternate is Roy Wingate, Bureau Records Officer.
If records questions or issues arise please contact your Regional Records Officer. RIMO's need to disseminate this email and its attachment to Area Office staff who have program responsibilities.

Roy Wingate
Bureau Records Manager
303-445-2058

# DECLARATION OF

# RANDY FEUERSTEIN

# EXHIBIT B

United States Department of the Interior

OFFICE OF THE SOLICITOR
Washington, D.C. 20240

NOV 2 0 2007

IN REPLY REFER TO:

**MEMORANDUM**

**To:** **Office of the Secretary**
**Office of the Solicitor**
**Office of the Special Trustee**
**Office of Historical Trust Accounting**
**Office of the Inspector General**
**Office of Assistant Secretary - Indian Affairs**
**Bureau of Indian Affairs**
**Office of Assistant Secretary - Policy, Management, and Budget**
**Office of Hearings and Appeals**
**Office of Assistant Secretary - Land and Minerals**
**Minerals Management Service**
**Office of Surface Mining**
**Bureau of Land Management**
**Office of Assistant Secretary - Fish, Wildlife, and Parks**
**Fish and Wildlife Service**
**Office of Assistant Secretary - Water and Science**
**Bureau of Reclamation**
**U.S. Geological Survey**

**From:** Paul B. Smyth, Counselor to the Solicitor

**Subject:** Compliance with Records Retention Orders in Tribal Trust Cases: *Swinomish Indian Tribal Community v. United States; Navajo Nation v. United States; Round Valley Indian Tribes v. United States; Pawnee Nation of Oklahoma v. United States; Kaw Nation v. United States; Quechan v. United States*

In the last few months, two judges in the Court of Federal Claims, Judge Allegra and Judge Braden, have entered Records Retention Orders ("RROs") in the above cases. Copies of these, as well as of two earlier (2004) RROs, are attached for your reference.[1]

Although the RROs differ in some specific provisions, each of them imposes a broad duty on all U.S. Government employees, contractors, and volunteers to preserve all "documents, data, and tangible things" in their possession, custody or control containing information that is relevant to, or may reasonably lead to the discovery of information relevant to, the subject matter involved in the pending litigation ("Relevant Information"). Each RRO also requires that mechanisms for ensuring compliance with the RRO be established, and that the Court be advised of the specific

[1] The 2007 RROs are in addition to those entered in 2004 by Judge Allegra in *Jicarilla Apache Tribe v. United States* and *Pueblo of Laguna v. United States*, which still remain in effect. To date, no other judges have entered RROs in any other tribal trust cases.

features of those mechanisms. Please note that some of the RROs expressly provide for individual sanctions for non-compliance. In addition (and as would be the case even if these RROs had not been entered in these cases), Interior could be subject to adverse findings on the merits of the underlying litigation if the Court determines that any Relevant Information has been destroyed or lost.

The staff attorneys assigned to these cases in the Indian Trust Litigation Office already have contacted the Bureau of Indian Affairs and/or the Office of the Special Trustee, by phone and/or mail, to inform them of the requirements of their respective RROs. These attorneys also have asked BIA and/or OST to assist them in identifying other U.S. Government repositories of Relevant Information for any of these tribes, with particular focus on any repositories that may exist within the Department of the Interior. Based on the information received to date, it appears likely that each of your bureaus and offices may have Relevant Information related to at least one of the tribes listed above.

**Conclusion:**

As a first step in documenting Department-wide efforts to put in place compliance measures that will enable all bureaus and offices to document their respective ongoing efforts to ensure that Relevant Information is appropriately safeguarded, please provide me with the name and contact information of the person or persons you wish to designate as the RRO Compliance Coordinator for your bureau or office. As some of these RROs will require compliance filings to be made with the Court as early as Friday, November 30, 2007, I ask that you provide me with this information **no later than the close of business on Thursday, November 29, 2007.**

Please direct any questions about this memorandum to Elisabeth Brandon, ITLO Tribal Trust Team Leader (at 202-208-4218).

Thank you very much for your prompt attention to this matter.

Sincerely,

FAX # 202-219-0559

Paul B. Smyth
Counselor to the Solicitor

Attachments