# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **QUECHAN TRIBE OF THE FORT YUMA INDIAN RESERVATION,** | ) | |
| **Plaintiff** | ) | **No. 06-cv-888-SGB** |
| **v.** | ) | **Judge Susan G. Braden** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

## [PROPOSED] ORDER

This matter is before the court on the parties' Joint Motion for Approval of Stipulation Regarding Confidentiality of Certain Documents, Data, and Other Materials to be Provided by Defendant to Plaintiff, filed March 24, 2008, regarding the confidentiality of certain documents, data, and other materials to be provided by defendant to plaintiff in this case. The joint stipulation states that defendant has documents, data, and other materials in its possession, custody or control that may contain information that is subject to protection from disclosure under various statutory or regulatory provisions and policies, and that defendant proposes to provide access to this material to plaintiff's attorney(s) of record and other as stipulated. Court approval is sought. After full consideration of the joint stipulation and for good cause shown, it is hereby **ORDERED** that:

(1) The Stipulation Regarding Confidentiality of Certain Documents, Data, and Other Materials to be Provided by Defendant to Plaintiff, filed March 24, 2008, is APPROVED and incorporated into this Order as follows:

(2) This Order and the associated Joint Stipulation govern the provision of confidential materials and confidential information by defendant to plaintiff during this litigation, regardless of the context (*i.e.*, in litigation, ADR, or informal settlement discussions) in which the provision occurs.

(3) Plaintiff shall not use the Confidential Materials, or their contents, for any purpose, other than this litigation (including any ADR process, informal settlement discussions, and appeals therein) or any related administrative proceedings before the Department of the Interior. Any Confidential Information contained in the Confidential Materials shall be kept strictly confidential by Plaintiff's attorney(s) and designee(s), and such Confidential Information shall not be disclosed, made public, or made

available to anyone, except as specifically provided in this Order and the associated Joint Stipulation or in any further Order that this Court may enter.

(4) Any documents, data, or other materials made available by Defendant to Plaintiff's attorney(s) or Plaintiff's designee(s) for inspection in this case shall be deemed Confidential only for purposes of the inspection. Any images or copies of Confidential Materials that are provided to Plaintiff shall include the endorsement "CONFIDENTIAL MATERIALS—DO NOT DISCLOSE." Plaintiff and Defendant may agree to forego Defendant's review to determine the confidentiality of certain documents, data, and other materials to be provided to Plaintiff, in which case Defendant shall include on those documents, data, and other materials the endorsement "CONFIDENTIAL MATERIALS—DO NOT DISCLOSE," before providing the documents, data, and other materials to Plaintiff. All documents, data, and other materials so endorsed shall be deemed Confidential Materials and protected as such under this Order and the associated Joint Stipulation.

(5) If Plaintiff intends to file documents, data, or other materials that have been endorsed as Confidential Materials with the Court as evidence or for any other purpose, it shall follow the procedures set forth in this Order and the associated Joint Stipulation. Alternatively, Plaintiff may request that Defendant, within a specified period of time agreed to by the parties, review certain endorsed documents, data, or other materials to determine if they contain Confidential Information; redact any Confidential Information; and produce a version of the documents, data, or other materials, after the necessary redactions, for filing with the Court without the Confidential Information endorsement. After the documents, data, or other materials have been redacted or otherwise determined not to contain Confidential Materials, the documents, data, or other materials shall no longer be considered confidential and subject to this Order and associated Joint Stipulation.

(6) Documents, data, or other materials relating exclusively to individuals, other Tribes, or entities, or to funds, lands, and resources to which Plaintiff does not claim a legal interest shall not be produced to Plaintiff, unless Plaintiff and Defendant agree that such production would be appropriate and necessary for the purposes of this case. In the event that the parties agree that such documents, data, or other materials should be produced to Plaintiff, Defendant shall include on the documents, data, or other materials the endorsement "CONFIDENTIAL MATERIALS—DO NOT DISCLOSE," before providing the documents, data, or other materials to Plaintiff.

(7) Any notes, dictation tapes, or media containing electronically stored information that are made as part of a review of the Confidential Materials and that contain information regarding the Confidential Materials shall include the endorsement "CONFIDENTIAL MATERIALS—DO NOT DISCLOSE" and shall be subject to the same provisions as copies or images of the Confidential Materials.

(8) Confidential Materials may be disclosed without further Court approval only to the following: (1) the Court or any settlement judge or mediator appointed, designated, or selected to work with the parties in this case; (2) the attorney(s) of record in this case, as well as the attorney(s), paralegal(s), and support staff in his/her/their office(s) who are involved or may be necessary in the ordinary course to representing a party herein; and (3) Plaintiff's designees in this case. Plaintiff's designees may include attorneys representing other Tribes in other Tribal trust fund mismanagement cases, if Plaintiff and its counsel determine that such designations are needed for the litigation, settlement, or other alternative resolution of this case. Plaintiff assumes all liability for the disclosure of any Confidential Information and/or Materials to its designees, including any liability that may arise from any claims brought by individuals or tribes (other than Plaintiff) that may be based on or stem from the disclosure of Confidential Information and/or Materials related to those individuals or those other tribes. Defendant (including the Departments of the Interior and of the Treasury) and DOJ shall be held harmless for any disclosures of any Confidential Materials and/or Information by Plaintiff to its designees. Plaintiff's attorney(s) of record in this case; the attorney(s), paralegal(s), and support staff in the office(s) of Plaintiff's attorney(s) of record; and Plaintiff's designees may have access to the Confidential Materials, provided, however, that, before receiving access to the Confidential Materials, each person receiving such access shall execute an "Affidavit of Confidentiality," in the form attached hereto as Exhibit 1, and provide the Affidavit to Plaintiff's attorney(s) of record. (No Affidavit of Confidentiality needs to be executed by support staffers who simply handle or file the Confidential Materials but do not review their contents.) The executed Affidavits of Confidentiality shall be maintained by Plaintiff's attorney(s) of record.

(9) Confidential Materials shall be filed under seal by the Clerk of Court in the event that such materials are filed into the court record as evidence or exhibits or for any other purpose. The parties herein shall not file with the Court at any time any pretrial motion, brief, pleading, or other filing in this case, quoting, or paraphrasing Confidential Information, unless the confidential portion of any such motion, brief, pleading, or other filing is filed under seal with the Clerk of the Court. Materials or pleadings filed under seal shall be filed in accordance with the Rules of this Court and other applicable court rules, policies, and Orders; provided that, pursuant to this Order, the parties shall not be required to file motions for leave to file documents under seal. Materials or pleadings filed under seal shall be filed in a sealed envelope or other appropriate sealed container on which shall be endorsed the title of the action, an indication of the nature of the contents of such sealed container or other container, the phrase "Confidential Materials – Filed Under Seal," and a statement substantially in the following form:

> This envelope or container is sealed and contains confidential information filed in this case by [name of party] and is not to be opened or the contents thereof displayed or revealed, except by order of the Court or pursuant to written stipulation of the parties to this action. This envelope or container shall not be opened without order of the Court, except by officers of the Court or attorney of record, who, after reviewing the contents, shall return them to the Clerk in a sealed envelope or container.

(10) It shall be the responsibility of Plaintiff's attorney(s) of record herein, as well as the attorney(s) working with Plaintiff's attorney(s) of record on this case, of Plaintiff's designees, and of any other person possessing Confidential Materials, to employ reasonable measures, consistent with this Order and the associated Joint Stipulation, to control duplication of, access to, and distribution of the Confidential Materials.

(11) All Confidential Materials, copies or images thereof, or extracts that constitute Confidential Materials under this Order and the associated Joint Stipulation shall be returned to counsel for Defendant or be destroyed, immediately upon the termination of this litigation (including the resolution of any applicable appeals) or upon the termination of any related administrative proceedings, if any, before the Interior Department, whichever occurs later. At that time, all individuals who have executed an Affidavit of Confidentiality pursuant to Paragraph 6 of this Order and the associated Joint Stipulation who still have access to such Confidential Materials shall certify in writing that all such Confidential Materials, copies or images thereof, or extracts that constitute Confidential Materials have been returned or destroyed. Plaintiff's attorney(s) of record shall maintain these certifications and shall provide a copy thereof to Defendant's counsel upon request. In the event that an individual or entity to whom Confidential Materials are disclosed is no longer Plaintiff's attorney(s) or designee(s), the individual or entity shall immediately return to Counsel for Plaintiff or destroy all Confidential Materials in his or her possession as set forth in the Affidavit of Confidentiality, Exhibit 1, hereto. In the event that the individual or entity returns the Confidential Materials to Plaintiff's counsel, Plaintiff's counsel shall handle the materials in accordance with the requirements of this paragraph and the rest of this Order and the associated Joint Stipulation.

(12) If Plaintiff disputes Defendant's assertion and designation that a document, data, or information is/are subject to confidentiality protection under federal law or regulations, Plaintiff shall notify Defendant in writing and state therein the grounds for disputing the assertion and designation of confidentiality. Within 20 days of the other party's receipt of such written notification (or a longer period of time, if the parties so agree), the parties herein shall discuss and attempt to resolve the dispute. If

the parties do not resolve the dispute within 20 days or an extension thereof, Plaintiff may file a motion to seek a ruling from the Court regarding Defendant's assertion and designation regarding confidentiality. Plaintiff may request a shorter period of time for good cause.

(13) Until further order of this Court, this Order and the associated Joint Stipulation shall remain in full force and effect after the dismissal of the case and regardless of whether the parties reach settlement.

**IT IS SO ORDERED.**

SUSAN G. BRADEN
JUDGE