IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **QUECHAN TRIBE OF THE FORT YUMA INDIAN RESERVATION,** | ) | |
| | ) | **No. 06-cv-888-SGB** |
| **Plaintiff** | ) | |
| **v.** | ) | **Judge Susan G. Braden** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

## SUPPLEMENTAL JOINT STATUS REPORT

## I. INTRODUCTION

Plaintiff Quechan Indian Tribe ("Plaintiff") and Defendant United States ("Defendant"), through the undersigned counsels of record, submit this Supplemental Joint Status Report ("Report") to the Court. This Report supplements the Joint Preliminary Status Report ("JPSR") filed by the parties on November 16, 2007 in this matter (Doc. #22). To the extent that statements in this Report conflict with statements in the JPSR, this Report shall control. Otherwise, all consistent statements in the JPSR are incorporated herein.

## II. PHASES OF LITIGATION

The parties agree that this litigation should be divided into two or more Phases based upon discrete and relevant time periods. Phase I will include the period from July 1, 1972, to December 31, 1992, which is the time frame for the Tribal trust fund reconciliation project (commonly known as the "Arthur Anderson project").

Future Phases may include claims accruing or arising on or before August 13, 1946, only in the event that Defendant's prospective motion to dismiss all such claims is denied; claims arising during the period from August 14, 1946, through June 30, 1972; and claims arising

during the period from January 1, 1993 to the present.

## III. PROPOSED DISCOVERY SCHEDULE FOR PHASE I

Section M of the JPSR describes Plaintiff and Defendant's proposed discovery plan for Phase I of this litigation. Based on that proposed discovery plan, and additional consultation, the parties submit the following proposed discovery schedule for Phase I of this litigation:

A. **Stage 1.** Stage 1 of discovery will consist of the initial factual discovery, including pending discovery that Defendant needs and that Plaintiff needs to delineate and define its Phase I claims. The parties shall have until **November 17, 2008** to complete this stage of factual discovery; however, the parties shall make all efforts to complete this discovery sooner.

B. Plaintiff shall provide Defendant with a detailed specification of Plaintiff's claims, and the factual and legal basis thereof, within ninety (90) days after completion of Stage 1 discovery, and no later than **February 16, 2009**. Plaintiff shall provide its detailed specification of claims by way of a Statement of Plaintiff's Claims filed with the Court and, in addition by way of an amended complaint.

C. **Stage 2.** Following the receipt of Plaintiff's specific statement of claims or amended complaint, Defendant shall proceed with formal fact discovery with respect to jurisdiction and other defenses raised in Defendant's Answer to the Complaint. This shall be Stage 2 of discovery. Plaintiff reserves the right to serve additional discovery requests on Defendant during this Stage 2 of discovery if Defendant's discovery raises issues relating to Plaintiff's prosecution of its Phase I claims. Stage 2 of discovery would last for 120 days from the Defendant's receipt of Plaintiff's specific statement of claims or amended complaint and shall be completed no later than **June 15, 2009**.

D. Defendant shall file any dispositive motions on jurisdictional and other defenses

raised in Defendant's Answer to the Complaint within thirty (30) days of the conclusion of Stage 2 of discovery, or no later than **July 15, 2009**.

E. **Stage 3.** Following the Court's resolution of Defendant's dispositive motions, and to the extent that claims still survive, Stage 3 of discovery will begin. Stage 3 will include exchange of expert reports and expert discovery, depositions and Rule 30(b)(6) discovery, and any additional fact discovery which may be required. Following the Court's order(s) on dispositive motions, the parties shall promptly meet and confer to establish an expert report schedule, rebuttal schedule, and expert and Rule 30(b)(6) deposition schedule. The parties shall provide a Status Report to the Court on these issues within **20 days** following the Court's ruling on Defendant's dispositive motions.

F. The parties reserve their right to request modifications to the Phase I discovery schedule set forth in this Report if made necessary by unforeseen circumstances.

Defendant's attorney has authorized Plaintiff's attorney to file this Supplemental Joint Status Report on his behalf.

Respectfully submitted this 25th day of April, 2008.

MORISSET, SCHLOSSER, JOZWIAK
& McGAW

*/s/ Frank R. Jozwiak*
FRANK R. JOZWIAK
*Attorney of Record for Makah Indian Tribe*
Morisset, Schlosser, Jozwiak & McGaw
1115 Norton Building
801 Second Avenue
Seattle, Washington 98104-1509
Telephone: 206-386-5200
Facsimile: 206-386-7322
f.jozwiak@msaj.com

*/s/ James M. Upton*
JAMES M. UPTON
*Attorney of Record for the United States*
Acting Assistant Attorney General
United States Department of Justice
Environment and Natural Resources
Division
P.O. Box 663
Washington, D.C. 20044-0663
Tel: 202-305-0482
Fax: 202-305-0506

T:\WPDOCS\0267\10074\Pleadings\Supplemental Joint Status Report_02.doc
kfn:4/22/08